**Tommy Earl APPLIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–075–CR.**

Court of Appeals of Texas, Fort Worth.

March 20, 1986.

Paddock, Loveless & Roach and Charles H. Roach, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Stanton, Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before BURDOCK, JOE SPURLOCK, II and JORDAN, JJ.

OPINION

BURDOCK, Justice.

Appellant pled guilty to the offense of burglary of a habitation. Punishment was assessed at 35 years confinement.

We affirm.

In two ground of error, appellant alleges his conviction should be set aside because: (1) a non-lawyer was permitted to represent him and (2) his licensed attorney was ineffective for allowing a person not admitted to the bar to participate as co-counsel.

Appellant and his family hired David C. DeBusk to represent him in charges arising out of the burglary of an apartment in which the resident was raped at knifepoint.

At the hearing on his motion for new trial, appellant testified that DeBusk had told him his chances were better for getting probation if he would plead guilty to the jury. This decision was made after consultation with DeBusk and one Virgil Palmer. Palmer was not an attorney, but rather a law school graduate who was awaiting the results of his bar examination. Neither DeBusk nor Palmer informed appellant or his family of Palmer's non-attorney status and it was assumed by them that Palmer was an attorney.

In 1971, the Texas Supreme Court promulgated rules whereby qualified law students and qualified unlicensed law school graduates could participate in the trial of cases in Texas courts. *See State Bar of Texas Rules and Regulations Governing Participation of Qualified Law Students and Qualified Unlicensed Law School Graduates in the Trial of Cases in Texas* (unpublished, approved by the Supreme Court of Texas, December 1978). Although this appeal is fraught with other issues, we must concern ourselves with only the matters of direct concern to the appeal of the criminal case.

The record reflects that DeBusk permitted Palmer great latitude in the preparation of appellant's case. Palmer spoke to appellant about the status of the case; Palmer and DeBusk planned and explained trial strategy in the presence of appellant; DeBusk introduced Palmer to the jury panel as a member of his law firm who would be assisting him at trial; and Palmer was permitted to conduct the cross-examination of the State's two main witnesses. The record does not reflect whether the trial judge was aware of Palmer's non-attorney status.

At the hearing on appellant's motion for new trial, DeBusk testified that Palmer had graduated from law school, that he was awaiting the results of the bar examination, and that he possessed a practice permit. No allegation is made that Palmer

was unqualified to act under the Supreme Court rule.

Pursuant to section IV(A)(1)(a) of the rule describing the activities that may be carried on by a qualified unlicensed law school graduate, Palmer could, under the supervision of DeBusk, appear for the purposes of trial in criminal matters. There is no suggestion that DeBusk was not qualified as a supervising attorney under section V of the rule. From a reading of the record we do not find Palmer acted beyond the scope of the rule governing unlicensed law school graduates. Appellant's first ground of error is overruled.

■ Secondly, appellant complains that he was denied effective assistance of counsel because DeBusk permitted Palmer to participate as co-counsel.

■ The burden of proving ineffective assistance of counsel falls on the appellant and such a contention must be proved by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), enunciated a two-pronged test to determine whether counsel was ineffective in his assistance at trial.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment of the United States Constitution. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* at 466 U.S. 686, 104 S.Ct. 2064, 80 L.Ed.2d 693. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance. *Id.* at 466 U.S. 688, 104 S.Ct. 2065, 80 L.Ed.2d 693.

■ The standard to be used in gauging the effectiveness of counsel, whether appointed or retained, is "reasonably effective assistance of counsel", meaning "counsel reasonably likely to render and rendering effective assistance." *Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex.Crim.App. 1983); *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). In applying this standard, the adequacy of an attorney's services on behalf of an accused must be gauged by the totality of the representation. *Ex parte Raborn*, 658 S.W.2d at 605; *Romo v. State*, 631 S.W.2d 504, 507 (Tex. Crim.App.1982). Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Mercado v. State*, 615 S.W.2d 225, 227 (Tex.Crim.App.1981); *Johnson v. State*, 614 S.W.2d 148, 149 (Tex. Crim.App.1981). Though the accused in a criminal proceeding is entitled to "reasonably effective assistance" of counsel, this does not mean errorless counsel or counsel judged by hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App.1983). Judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). The fact that another lawyer might have pursued a different course of action in representing the accused will not support a finding of ineffective assistance of counsel. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim.App.1983).

Appellant does not complain that DeBusk did not prepare for trial. A review of the record shows that both DeBusk and Palmer had numerous conversations about the case with appellant and his family. DeBusk filed eight pretrial motions,[1] a detailed mo-

1. (1) Motion for the court to direct the court reporter to take voir dire examination of the jury, testimony, and all final arguments; (2) motion for witnesses' statements or reports in the nature of statements; (3) motion for discovery; (4) motion to discover and inspect physical evidence; (5) motion for evidence favorable to the defendant; (6) motion for minutes of the Grand Jury; (7) motion for identification hearing outside presence of the jury; (8) motion for assessment of punishment by the jury.

tion in limine, a motion for a presentence investigation report, and a motion to require the prosecution to make a full opening and closing argument.

When appellant entered a plea of guilty to the jury, it was not the cross-examination of the State's witnesses by Palmer that resulted in his conviction. The plea of guilty was part of a strategy to obtain probation.

We cannot agree with appellant that to have advised him to plead not guilty would have kept out all evidence of sexual misconduct attributed to him by the injured party. The extraneous offense of rape committed during the burglary would be res gestae of the offense because it is blended and closely interwoven with all the facts of the case. *Mayes v. State*, 472 S.W.2d 528, 529 (Tex.Crim.App.1971).

Considering the particular circumstances of this case, the totality of the representation and the standard to be applied, we conclude that appellant had effective assistance of counsel at trial. Appellant's second ground of error is overruled.

Judgment affirmed.

JORDAN, J., not participating.