James Alison HALL, Jr., Appellant,

v.

STATE of Texas, State.

No. 2–88–028–CR.

Court of Appeals of Texas, Fort Worth.

March 23, 1989.

Sylvia Andrews, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Crim. Dist. Atty., Chief of Appellate Section, Kimberly Kaufman, Cindy Singleton, Asst. Crim. Dist. Attys., for the State.

Before KELTNER, LATTIMORE and MEYERS, JJ.

## OPINION

MEYERS, Justice.

James Alison Hall, Jr. pled guilty to the court to the offense of robbery by threats. *See* TEX. PENAL CODE ANN. sec. 29.-02(a)(2) (Vernon 1989). Hall also pled true to one enhancement paragraph and was sentenced to twenty-five years confinement in the Texas Department of Corrections. On appeal, Hall claims the trial court erred by failing to hold sua sponte a competency hearing. Hall also claims his trial counsel rendered ineffective assistance because he did not seek a psychiatric examination to determine competency. We do not agree. The judgment is affirmed.

On April 11, 1987, Hall robbed a convenience store in Forrest Hill, Texas. Although Hall did not have a weapon during the robbery, he indicated to the store clerk that he did. Hall did not request and the trial judge did not order a jury determination of Hall's competency to stand trial. While Hall was in the county jail, prior to being appointed counsel, he filed the following documents with the court:

1. A request for appointment of counsel;

2. a letter to the judge stating his religious beliefs and his admiration of the late Dr. Martin Luther King, Jr.;

3. a request for a reduction in the amount of his bond;

4. an application for writ of habeas corpus; and

5. a petition to process his application for writ of habeas corpus without prepayment of costs.

After Hall pled guilty to the robbery, he voluntarily testified. In response to questions posed by Hall's trial attorney and the district attorney during his plea testimony, Hall indicated he had been a drug user and abuser and he also had been hospitalized at Rusk State Hospital in 1983 due to a nervous breakdown. On his appeal to this court, Hall claims the letter he sent the trial court and his admissions regarding his breakdown prove the trial court should have held sua sponte a competency hearing. He claims the same evidence proves trial counsel was ineffective in not requesting a psychiatric examination prior to entering his guilty plea.

■ Under article 46.02 of the Texas Code of Criminal Procedure, an accused's incompetency to stand trial may be raised as follows:

(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his coun-

sel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court *from any source,* the court *must* conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

TEX.CODE CRIM.PROC.ANN. art 46.02, sec. 2 (Vernon 1979) (emphasis added).

Section 1 of article 46.02 of the Code enumerates the standard to determine incompetency to stand trial. It provides:

(a) A person is incompetent to stand trial if he does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him.

(b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

TEX.CODE CRIM.PROC.ANN. art. 46.02, sec. 1 (Vernon 1979).

On appeal, Hall challenges for the first time his competence to stand trial and enter a guilty plea. Hall's trial attorney made no request for a competency hearing prior to Hall's plea as he should have under TEX.CODE CRIM.PROC.ANN. art. 46.02, sec. 2(a) if he intended to assert Hall's incompetency. Although there was not a request for a competency hearing, Hall points to a letter he sent the trial judge prior to his guilty plea as evidence of his instability. Hall claims the fact he was hospitalized in 1983 for a nervous breakdown, coupled with the letter he terms "crazed," were enough to require the trial court to conduct a competency hearing. The State claims the letter was not "crazed," but merely professed Hall's innocence and gave the general impression he had faith in God. Thus, the State maintains no duty arose to conduct a competency hearing pursuant to article 46.02, section 2(a). Similarly, the State contends the fact

the court discovered during trial that Hall had been hospitalized did not constitute evidence of incompetency sufficient to require a hearing pursuant to article 46.02, section 2(b).

If and when there is some evidence before the court of incompetency on the part of a defendant, the court has to determine whether to empanel a jury for a competency hearing. *See Barber v. State,* 737 S.W. 2d 824, 828 (Tex.Crim.App.1987). In *Barber,* an actual psychiatric examination report was requested by the defendant's attorney prior to trial, but was not filed until after jeopardy had attached. *Id.* at 825–26. The trial court conducted a hearing "during the trial" pursuant to article 46.02, section 2(b) to determine whether there was evidence to support a finding of incompetency to stand trial. At the conclusion of the hearing, the court found no evidence to support a finding of incompetency. Thus, no jury was empaneled to determine Barber's competency. *See* TEX.CODE CRIM. PROC.ANN. art. 46.02, sec. 4(a) (Vernon 1979). The court of criminal appeals held it was error not to empanel a jury to determine competency. In so holding, the court relied on *Sisco v. State,* 599 S.W.2d 607 (Tex.Crim.App.1980) and *Williams v. State,* 663 S.W.2d 832 (Tex.Crim.App.1984), and stated that a trial court must assay only evidence indicating incompetency in determining whether to empanel a jury. *Barber,* 737 S.W.2d at 828.

In this case, however, there was no evidence indicating incompetency. The fact that Hall's file contained a letter to the judge exhibiting Hall's religious beliefs did not alarm the court, and we cannot say the letter tended to show incompetency. In fact, the other correspondence and motions filed by Hall exhibit some degree of skill and expertise in criminal procedure methods and tend to show Hall was competent.

Hall's testimony during trial was intelligent and straight-forward. Hall gave thoughtful responses to the questions posed by his attorney and the assistant district attorney. Hall did admit he developed a dependency on prescription drugs after an injury and its resulting surgery in

1985. Hall further stated he had gone on to be a cocaine user. He felt he was under the influence of cocaine at the time he robbed the convenience store. However, even if Hall was correct in his belief, the fact that one is feeling the effect of drugs does not create a presumption of incompetency to stand trial.

Hall further testified he suffered a nervous breakdown in 1983 and had spent four months in Rusk State Hospital. Once again, an isolated incident such as this does not establish evidence tending to show incompetency. There was nearly a five-year gap between Hall's breakdown and the trial with no further hospitalization. As an adjudication of incompetency is based on one's capacity at the time of trial, there is no reason why a previous breakdown should constitute evidence tending to show incompetency.

We cannot say the letter, use of narcotics, or previous breakdown tended to show incompetency. Hall's actions at trial indicated his competence; we find no error in the trial court's failure to empanel sua sponte a jury to determine competency. Hall's first point of error is overruled.

In his second point of error, Hall claims he was denied the effective assistance of counsel because his attorney failed to request a psychiatric examination to determine his mental competency to stand trial. The burden of proving ineffective assistance of counsel falls on the appellant and such a contention must be proved by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). A two-prong test was established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether an attorney's representation constituted ineffective assistance of counsel.

First, a defendant must show counsel's performance was deficient. This requires a showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment of the United States Constitution.

Second, a defendant must show the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 693. The defendant bears the burden of proving counsel's representation was unreasonable under prevailing professional norms and the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305, 323 (1986). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 381, 106 S.Ct. at 2586–87, 91 L.Ed.2d at 327. Texas' standards for determining ineffectiveness of counsel, particularly to determine when ineffectiveness is prejudicial, are not more protective than the federal standards enumerated by the Supreme Court in *Strickland*. *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). The determination of ineffectiveness must turn upon the particular circumstances of each individual case. *Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim.App.1985); *Ex parte Prior*, 540 S.W.2d 723, 724 (Tex.Crim.App. 1976).

The constitutional right to counsel does not mean errorless counsel. Judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). The fact that another lawyer might have pursued a different cause of action in representing the accused will not support a finding of ineffective assistance of counsel. *Applin v. State*, 705 S.W.2d 411, 413 (Tex.App.— Fort Worth 1986, no pet.).

■ The fact that Hall had once been under psychiatric care would not ordinarily render him incompetent to stand trial. Once again, there was almost five years between Hall's treatment and the trial and he had not been treated or hospitalized in the interim. Hall filed a number of motions and requests on his own behalf before he was appointed an attorney to represent him. Taking into account only the documentary evidence in Hall's file, his attorney had no reason to believe his client was incompetent to stand trial.

To the contrary, Hall's statements to the court during his plea reflected a realization of the crime he had committed and its attendant circumstances. He and his attorney had discussed his options and he was fully aware of the punishment range for the crime. Considering all the circumstances of this case, we conclude Hall had effective assistance of counsel. Hall's second point of error is overruled.

The judgment is affirmed.