COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-209-CR
        
                                                 2-03-210-CR
  
  
JASON 
DEAN MATHANEY                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        Appellant 
Jason Dean Mathaney (“Mathaney”) was convicted of two counts of aggravated 
robbery. Counsel on appeal has filed an Anders[2] 
brief, and Mathaney has filed a pro se brief asserting two issues.  We 
grant counsel’s motion to withdraw and affirm the trial court’s judgment.
II. BACKGROUND
        On 
April 16, 2003, Mathaney entered an open plea of guilty to two indictments 
charging him with aggravated robbery.  Mathaney also signed written plea 
admonishments, which adequately admonished him regarding his rights.  In 
the written admonishments, Mathaney waived his right to a jury trial, right to 
appearance, and his right to confrontation of witnesses, as well as several 
other rights.  Mathaney also signed a written judicial confession.  
After conducting a hearing on punishment, where Mathaney and his mother 
testified, the trial court sentenced Mathaney to twenty-five years' 
confinement.  Mathaney filed a general notice of appeal on May 29, 2003.
        On 
appeal, Mathaney’s court-appointed counsel filed a motion to withdraw and an Anders 
brief.  The brief meets the requirements of Anders by presenting a 
professional evaluation of the record and demonstrating why there are no 
arguable grounds of error to be advanced.  See Mays v. State, 904 
S.W.2d 920, 922-23 (Tex. App—Fort Worth 1995, no pet.).  Mathaney, 
proceeding pro se, filed a brief arguing that (1) the trial court abused its 
discretion in not sua sponte conducting a competency hearing, and (2) he 
received ineffective assistance of counsel.
III. DISCUSSION
        As 
the reviewing court, we are required to undertake an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Because Mathaney 
pled guilty to the offense, he waived the right to appeal any nonjurisdictional 
defects, other than the voluntariness of his plea, that occurred before entry of 
the plea so long as the judgment of guilt was rendered independently of, and is 
not supported by, the alleged error.  See Young v. State, 8 S.W.3d 
656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 
(Tex. Crim. App. 1995).  Therefore, our independent review of the record is 
limited to potential jurisdictional defects, the voluntariness of Mathaney's 
plea, potential error occurring before Mathaney's plea that resulted in or 
supports the judgment of guilt, and potential error occurring after the guilty 
plea.  See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the 
trial court and provided Mathaney with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        Our 
review of the record reveals nothing that would support a claim that the guilty 
plea was involuntary.  The written plea admonishments indicate that 
Mathaney's guilty plea was made freely and voluntarily.  Further, the 
Mathaney’s written waiver, joined by his attorney, states that Mathaney is 
mentally competent and aware of the possible punishment and the consequences of 
his plea.  Therefore, the record before us also reveals no error that 
occurred before Mathaney pled guilty.  As a result, there is no appealable 
error under Young.[3]
        Because 
Mathaney’s first issue relates to the voluntariness of his plea, we address it 
here.  Construing his first issue liberally, Mathaney contends that the 
trial court abused its discretion in not sua sponte conducting a hearing 
to determine his competency to stand trial.  See Tex. R. App. P. 38.9.  To support 
this contention, Mathaney asks this court to consider evidence that is outside 
the record, along with his testimony at the punishment hearing where he told the 
trial court he had unspecified psychiatric problems and memory loss the night of 
the crime following prolonged drug use.  A person is incompetent if he does 
not have a sufficient present ability to consult with his lawyer with a 
reasonable degree of rational understanding, or a rational as well as factual 
understanding of the proceeding against him.  TEX. CODE CRIM. PROC. ANN. art. 46.02, § 1A(a) (Vernon Supp. 
2004).  A person is presumed to be competent to stand trial unless proven 
to be incompetent by a preponderance of the evidence.  Id. art. 
46.02, § 1A(b).  The trial court must conduct a hearing on the issue of 
competency upon the trial court’s own motion or upon the written motion of the 
defendant or his counsel if the court determines that there is evidence to raise 
a bona fide doubt in the judge’s mind as to the defendant’s competency to 
stand trial.  Id. art. 46.02, § 2(a); McDaniel v. State, 98 
S.W.3d 704, 706 (Tex. Crim. App. 2003).  In general, a bona fide doubt is 
raised only if the evidence indicates recent severe mental illness, at least 
moderate mental retardation, or truly bizarre acts by the defendant.  Collier 
v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997), cert. denied, 
525 U.S. 299 (1998).  We review the trial court’s decision to conduct a 
competency hearing under an abuse of discretion standard.  Moore v. 
State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), cert. denied, 530 
U.S. 1216 (2000).
        Here, 
there is no indication on the record that Mathaney was unable to understand the 
proceedings or consult with his attorney.  While Mathaney testified at the 
punishment hearing that he had some unspecified psychiatric problems, and his 
mother testified that he had been diagnosed with manic depression, when the 
court asked Mathaney's counsel if Mathaney was mentally competent, counsel 
responded that in his opinion Mathaney was mentally competent.  See 
Collier, 959 S.W.2d at 625 (counsel permitted to give testimony regarding 
client’s competence); Valdes-Fuerte v. State, 892 S.W.2d 103, 107 (Tex. 
App.—San Antonio 1994, no pet.) (holding that a person’s mental illness does 
not automatically create an issue of competence).  Therefore, nothing in 
the record raises a bona fide question as to Mathaney’s competency.  
Accordingly, we cannot conclude that either the magistrate, who accepted 
Mathaney’s plea, or the trial court, who conducted the punishment hearing and 
sentenced Mathaney, abused its discretion by not conducting a competency 
hearing.  Accordingly, we overrule Mathaney’s first point.
        At 
the punishment hearing, the trial court reviewed the presentence investigation 
report, and Mathaney and his mother testified on his behalf.  The trial 
court noted defense counsel’s oral corrections to the presentence 
investigation report.  The trial court found Mathaney guilty and assessed 
his punishment at twenty-five years' confinement, which is within the punishment 
range provided for by law.  See Tex. Penal Code Ann. § 12.32 (Vernon 
2003).  Therefore, we discern no reversible error after Mathaney pled 
guilty.  The judgment was based on Mathaney’s plea and his signed 
judicial confession. As a result, there is no appealable error under the holding 
of Young.[4]
        Finally, 
we must determine if Mathaney received effective assistance of counsel.  See 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Mathaney contends 
he did not receive effective assistance because his trial counsel (1) was aware 
of Mathaney’s incompetent mental state and, against his client’s best 
interest and contrary to his client’s request, refused to file a motion 
requesting a competency hearing and (2) was aware of the plot by a certain 
district attorney “to get” Mathaney.  To succeed on an ineffective 
assistance claim, appellant must first show that his counsel's performance was 
deficient; second, appellant must show the deficient performance prejudiced the 
defense.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Hernandez 
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  There is a 
strong presumption that counsel’s conduct was reasonable and that counsel’s 
action fell within the range of effective assistance.  Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.  The issue is whether counsel's 
assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  Id. at 688-89, 
104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered 
adequate assistance and made all significant decisions in the exercise of 
reasonable professional judgment.”  Id. at 690, 104 S. Ct. at 
2066.  An allegation of ineffective assistance must be firmly founded in 
the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness.  Thompson, 9 S.W.3d at 814.
        Here, 
there is nothing in the record to support appellant’s claim that trial counsel 
was aware of any district attorney’s “plot” against Mathaney.  
Similarly, as discussed above, the evidence presented did not raise a bona fide 
doubt as to Mathaney’s competency.  Consequently, we cannot conclude that 
trial counsel’s representation fell below an objective standard of 
reasonableness when he failed to request a hearing to which his client was not 
entitled.  See Richie v. State, No. 11-03-00031-CR, 2004 WL 
350466, at *2 (Tex. App.—Eastland Feb. 26, 2004, no pet. h.) (not designated 
for publication); see also Hall v. State, 766 S.W.2d 903, 907 (Tex. 
App.—Fort Worth 1989, no pet.) (Attorney’s failure to request psychiatric 
examination to determine competency of defendant to stand trial was not a denial 
of effective counsel, were there had been a five-year lapse since defendant was 
hospitalized, attorney had no reason to believe his client was incompetent to 
stand trial, and defendant performed competently in trial).  Accordingly, 
because Mathaney has not shown that his counsel’s performance fell below the 
objective standard of professional norms or that counsel’s representation was 
so deficient as to overcome the presumption that counsel’s conduct was 
reasonable and professional, we overrule Mathaney’s ineffective assistance 
issue.
V. CONCLUSION
        After 
independently reviewing the record and overruling Mathaney’s pro se points, we 
agree with appellate counsel’s determination that any appeal from this case 
would be frivolous.  Accordingly, we grant appellate counsel’s motion to 
withdraw and affirm the judgments of the trial court.
 
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
Young, 8 S.W.3d at 656.
4.  
Young, 8 S.W.3d at 666-67.