JASON DEAN MATHANEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-03-209-CR

        2-03-210-CR

JASON DEAN MATHANEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION

Appellant Jason Dean Mathaney (“Mathaney”) was convicted of two counts of aggravated robbery
.  
Counsel on appeal has filed an 
Anders
(footnote: 2) brief, and Mathaney has filed a pro se brief asserting two issues.  We grant counsel’s motion to withdraw and affirm the trial court’s judgment.

II.  B
ACKGROUND

On April 16, 2003, Mathaney entered an open plea of guilty to two indictments charging him with aggravated robbery.  
Mathaney also signed written plea admonishments, which adequately admonished him regarding his rights.  In the written admonishments, Mathaney waived his right to a jury trial, right to appearance, and his right to confrontation of witnesses, as well as several other rights.  
Mathaney
 also signed a written judicial confession.  
After conducting a hearing on punishment
, where Mathaney and his mother testified, the trial court sentenced Mathaney to twenty-five years' confinement. 
Mathaney
 filed a general notice of appeal on May 29, 2003.

On appeal, Mathaney
’s court-appointed counsel 
filed a motion to withdraw and an 
Anders
 brief.  The brief meets the requirements of 
Anders
 by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced. 
 See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App—Fort Worth 1995, no pet.). 
Mathaney, proceeding pro se, filed a brief arguing that (1) 
the trial court abused its discretion in not 
sua sponte
 conducting a competency hearing, and (2) he received ineffective assistance of counsel.

III.  D
ISCUSSION

As the reviewing court, we are required to undertake an independent evaluation of the 
record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923
.
  Because Mathaney pled guilty to the offense
, he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independently of, and is not supported by, the alleged error. 
 See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  
Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Mathaney's plea, potential error occurring before Mathaney's plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea. 
 See Young
, 8 S.W.3d at 666-67.  

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the trial court and provided Mathaney with sufficient notice.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 
 
Our review of the record reveals nothing that would support a claim that the guilty plea was involuntary. 
 The written plea admonishments indicate that Mathaney's guilty plea was made freely and voluntarily. 
 
Further, the Mathaney’s written waiver, joined by his attorney, states that Mathaney is mentally competent and aware of the possible punishment and the consequences of his plea. 
 
Therefore, the record before us also reveals no error that occurred before Mathaney pled guilty.  
As a result, there is no appealable error under 
Young
.
(footnote: 3) 

Because Mathaney’s first issue relates to the voluntariness of his plea, we address it here. 
 Construing his first issue liberally, 
Mathaney contends that the trial court abused its discretion in not 
sua sponte
 conducting a hearing to determine his competency to stand trial.  
See
 
Tex. R. App. P.
 38.9. 
 To support this contention, Mathaney asks this court to consider evidence that is outside the record, along with his testimony at the punishment hearing where he told the trial court he had
 unspecified psychiatric problems
 and memory loss the night of the crime following prolonged drug use.
  A person is incompetent if he does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceeding against him.  
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 46.02, § 1A(a) (Vernon Supp. 2004). 
 A person is presumed to be competent to stand trial unless proven to be incompetent by a preponderance of the evidence.  
Id. 
art. 46.02, §
 1A(b).  The trial court must conduct a hearing on the issue of competency upon the trial court’s own motion or upon the written motion of the defendant or his counsel if the court determines that there is evidence to raise a bona fide doubt in the judge’s mind as to the defendant’s competency to stand trial. 
 Id
. art. 46.02, § 2(a); 
McDaniel v. State
, 98 S.W.3d 704, 706 (Tex. Crim. App. 2003).  In general, a bona fide doubt is raised only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant.  
Collier v. State
, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997), 
cert. denied
, 525 U.S. 299 (1998).  We review the trial court’s decision to conduct a competency hearing under an abuse of discretion standard.  
Moore v. State
, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), 
cert. denied
, 530 U.S. 1216 (2000).  

Here, there is no indication on the record that Mathaney was unable to understand the proceedings or consult with his attorney.  
While Mathaney testified at the punishment hearing
 that he had some unspecified psychiatric problems, and his mother testified that he had been diagnosed with manic depression, when the court asked Mathaney's counsel if Mathaney was mentally competent, counsel responded that in his opinion Mathaney was mentally competent.  
See Collier
, 959 S.W.2d at 625 (counsel permitted to give testimony regarding client’s competence); 
Valdes-Fuerte v. State
, 892 S.W.2d 103, 107 (Tex. App.—San Antonio 1994, no pet.) (holding that a person’s mental illness does not automatically create an issue of competence). 
 
Therefore, nothing in the record 
raises a bona fide 
question as to Mathaney’s competency.
  
Accordingly
, we cannot conclude that either the magistrate, who accepted Mathaney’s plea, or the trial court, who conducted the punishment hearing and sentenced Mathaney, abused its discretion by not conducting a competency hearing.  Accordingly, we overrule Mathaney’s first point.

At the punishment hearing, the trial court reviewed the presentence investigation report
, and Mathaney and his mother testified on his behalf
.  The trial court noted defense counsel’s oral corrections to the presentence investigation report.  The trial court found Mathaney guilty and assessed his punishment at twenty-five years' confinement, which is within the punishment range provided for by law. 
 See
 
Tex. Penal Code Ann.
 §
 12.32 (Vernon 2003). Therefore, we discern no reversible error after Mathaney pled guilty. 
 The judgment was based on Mathaney’s plea and his signed judicial confession.  As a result, there is no appealable error under the holding of 
Young
.
(footnote: 4)
 Finally, we must determine if Mathaney received effective assistance of counsel. 
 See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
 Mathaney contends he did not receive effective assistance because his trial counsel
 
(1) was aware of Mathaney’s incompetent mental state and, against his client’s best interest and contrary to his client’s request, 
refused to file a motion requesting a competency hearing and (2) was aware of the plot by a certain district attorney “to get” Mathaney.
  To succeed on an ineffective assistance claim, appellant must first show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  There is a strong presumption that counsel’s conduct was reasonable and that counsel’s action fell within the range of effective assistance.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Id. 
at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814. 
 

Here, there is nothing in the record to support appellant’s claim that trial counsel was aware of any district attorney’s “plot” against Mathaney.  Similarly, as discussed above, the evidence presented did not raise a bona fide doubt as to Mathaney’s competency.  Consequently, we cannot conclude that trial counsel’s representation fell below an objective standard of reasonableness when he failed to request a hearing to which his client was not entitled.  
See
 
Richie v. State
, No. 11-03-00031-CR, 2004 WL 350466, at *2 (Tex. App.—Eastland Feb. 26, 2004, no pet. h.) (not designated for publication); 
see also Hall v. State
, 766 S.W.2d 903, 907 (Tex. App.—Fort Worth 1989, no pet.) 
(Attorney’s failure to request psychiatric examination to determine competency of defendant to stand trial was not a denial of effective counsel, were there had been a five-year lapse since defendant was hospitalized, attorney had no reason to believe his client was incompetent to stand trial, and defendant performed competently in trial)
.  Accordingly, because Mathaney has not shown that his counsel’s performance fell below the objective standard of professional norms or that counsel’s representation was so deficient as to overcome the presumption that counsel’s conduct was reasonable and professional, we overrule Mathaney’s ineffective assistance issue.

V.  C
ONCLUSION 

After independently reviewing the record and overruling Mathaney’s pro se points, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the judgments of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3: 
Young, 
8 S.W.3d at 656.

4:
Young, 
8 S.W.3d at 666-67.