COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| PAMELA DENISE DOUGLAS, | § | |
|---|---|---|
| | | No. 08-09-00027-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 292nd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# F-08-54706-V) |
| | § | |

## O P I N I O N

Appellant, Pamela Douglas, entered an open plea of guilty to aggravated robbery of a person 65 years of age or older, and after a punishment hearing, was sentenced to fifteen years' incarceration. In two issues on appeal, Appellant assails the voluntariness of her guilty plea and alleges that the trial court abused its discretion by failing to conduct an informal competency hearing. We affirm.

## BACKGROUND

Evidence presented at the punishment hearing revealed that at age 66, the complainant, Francisco Moreno, was cleaning the parking lot at a Dallas club when Appellant ran towards him and demanded his money. Moreno ran to the club's door in attempt to get help, but Appellant hit him and he fell to the ground. Appellant then jumped on Moreno and covered his mouth and nose with her hand. Feeling as if he would suffocate, Moreno bit Appellant's finger. Appellant struck Moreno in the face and eye, bit his head, knocked out four of his teeth, injured his shoulder, and caused him to bleed profusely. After a twenty-minute assault, Appellant took Moreno's wallet and fled. Two security guards apprehended Appellant nearby.

During the hearing, Appellant generally admitted to the offense, although she denied placing her hand over the complainant's nose and mouth or biting his head, and claimed he struck her first. She also testified that when she previously worked at the club with Moreno, he told her that he was 51 or 52 and that she and her co-workers were shocked because he appeared older. Finally, Appellant revealed that she has a drug problem and was recently diagnosed with schizoaffective disorder. Her medical records showing her diagnosis of schizoaffective disorder, bipolar disorder, cocaine dependency, and visual and auditory hallucinations were also admitted.

## COMPETENCY HEARING

According to Appellant's first issue, the trial court, pursuant to article 46B.004(c), should have conducted an informal competency inquiry based on evidence presented at the plea hearing that Appellant was recently diagnosed with schizoaffective disorder. Thus, Appellant asks that we abate the appeal to the trial court for a "retroactive determination" of Appellant's competency.

### *Preservation of Error*

Initially, we address whether Appellant preserved the issue for our review. It is undisputed that Appellant did not raise the issue of her competency at any time in the trial court and that she and her counsel averred that she was competent. In *Means v. State*, 955 S.W.2d 686, 689 (Tex. App.–Amarillo 1997, pet. ref'd), the Amarillo Court of Appeals held that the appellant did not preserve error arising from the trial court's failure to convene a competency hearing because the appellant did not file a motion suggesting he was incompetent, did not request a competency hearing, and did not object to the trial court's failure to conduct a competency hearing. *Accord Dickson v. State*, No. 13-97-693-CR, 1999 WL 33757418, at *1 (Tex. App.–Corpus Christi May 13, 1999, no pet.) (op., not designated for publication). However, other courts, including this one, have addressed the argument without considering whether the error must be preserved in the trial court. *See Hall*

*v. State*, 766 S.W.2d 903, 905-07 (Tex. App.–Fort Worth 1989, no pet.); *Flagg v. State*, Nos. 05-08-00019-CR, 05-08-00020-CR, 05-08-00021-CR, 05-08-00022-CR, 05-08-00023-CR, 05-08-00024-CR, 2009 WL 242527, at *2 (Tex. App.–Dallas Feb. 3, 2009, pet. dism'd, untimely filed) (op., not designated for publication); *Higgins v. State*, No. 08-03-00171-CR, 2004 WL 1535609, at *2 (Tex. App.–El Paso July 8, 2004, no pet.) (op., not designated for publication). Because this case has been transferred to our court from Dallas, and because the Dallas Court of Appeals has not held that a trial court's failure to hold a competency hearing must be preserved in the trial court, we will proceed to address the merits. *See* TEX. R. APP. P. 41.3.

### *Standard of Review*

A trial court's decision not to conduct an informal competency inquiry is reviewed under an abuse-of-discretion standard. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (Vernon 2006). A defendant is incompetent to stand trial if he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational, as well as factual, understanding of the proceedings against him. *Id*. at art. 46B.003(a); *Luna v. State*, 268 S.W.3d 594, 599 (Tex. Crim. App. 2008). Therefore, unless it appears that a defendant is mentally competent and the plea is free and voluntary, a trial court cannot accept his plea of guilty. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2009); *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003).

A party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(a) (Vernon

2006). On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* at art. 46B.004(c). But an informal inquiry is not required unless the evidence is sufficient to create a bona fide doubt in the mind of the trial court about whether the defendant is legally competent.[1] *Montoya*, 291 S.W.3d at 425; *McDaniel*, 98 S.W.3d at 710. "A bona fide doubt is 'a real doubt in the judge's mind as to the defendant's competency.'" *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (quoting *Alcott v. State*, 51 S.W.3d 596, 599 n.10 (Tex. Crim. App. 2001)).

### *Application*

Appellant contends that the trial court should have inquired into her competency based on her medical records and testimony that she was recently diagnosed with schizoaffective disorder and bipolar disorder, suffered from hallucinations, and was taking medications that quiet the voices she hears and control her racing thoughts.[2] However, nothing in the record indicates that Appellant was incapable of consulting with counsel or did not understand the proceedings on the day of the plea proceedings. Appellant's testimony was lucid, her answers to the questions posed were responsive and clear, and Appellant coherently relayed her side of the story, her long history of drug abuse, and her desire for community supervision with drug rehabilitation. *Compare Baldwin v. State*, 227

---

[1] In his brief, Appellant asserts that the bona-fide doubt standard no longer applies to competency hearings as article 46B, having recently replaced former article 46.02, simply requires a "suggestion" that the defendant was incompetent. *Compare* TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (stating the current standard for triggering a competency inquiry as "evidence suggesting the defendant may be incompetent"), *with* TEX. CODE CRIM. PROC. ANN. art. 46.02, § 2(b) (stating standard as "evidence of the defendant's incompetency . . . from any source"), *repealed by* Acts of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72. However, after Appellant filed his brief, the Court of Criminal Appeals decided that the bona-fide doubt standard still applies to competency inquiries under article 46B. *See Montoya*, 291 S.W.3d at 425.

[2] Appellant does not contend, nor does the record reflect, that schizoaffective disorder or bipolar disorder is a severe mental illness.

S.W.3d 251, 256 (Tex. App.–San Antonio 2007, no pet.) (finding defendant's testimony indicated he could tell his side of the story and plead for leniency in a coherent manner, and none of it suggested he lacked a rational understanding of the case against him), *with Greene v. State*, 225 S.W.3d 324, 329 (Tex. App.–San Antonio 2007, no pet.) (finding trial court should have conducted informal competency hearing where defendant's testimony was "rambling, nonresponsive," and "of the most bizarre quality," which demonstrated confusion and out of touch with reality), *abrogated on other grounds by Montoya*, 291 S.W.3d at 424-25. Appellant and her attorney represented to the trial court that she was mentally competent on the day of the plea proceedings, and the trial court found that Appellant was competent and understood the nature and consequences of the charge. There was never any suggestion, despite the medical records and testimony admitted concerning her recent diagnosis, that Appellant's demeanor, which was observed by the trial court, prosecutor, and defense attorney, was abnormal or indicated that she was unable to understand the proceedings or confer with her attorney. *See Moore*, 999 S.W.2d at 395-96 (indicating that mental impairment alone such as schizoaffective disorder does not mandate a competency hearing where no evidence indicated defendant was incapable of consulting with counsel or unable to understand the proceedings); *LaHood v. State*, 171 S.W.3d 613, 619 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd) (absent evidence of inability to communicate or understand proceedings, competency inquiry not required even though defendant was diagnosed with schizophrenia and was taking medication); *Lingerfelt v. State*, 629 S.W.2d 216, 217 (Tex. App.–Dallas 1982, pet. ref'd) (diagnosis of schizophrenia was no more than speculation that defendant was unable to consult with attorney). Although evidence of recent severe mental-health issues, moderate retardation, or bizarre behavior may indicate a bona fide doubt of competency, evidence of depression, past mental-health issues, or mental impairment does not raise the issue of competency. *Montoya*, 291 S.W.3d at 425; *Moore*,

999 S.W.2d at 395. As there was no evidence that raised a bona fide doubt that Appellant was incapable of consulting with her attorney or understanding the proceedings, we conclude that the trial court did not abuse its discretion by failing to conduct an informal inquiry into Appellant's competency to stand trial. *See Grider v. State*, 69 S.W.3d 681, 684-85 (Tex. App.–Texarkana 2002, no pet.) (evidence did not show that paranoid schizophrenic taking medication, hearing voices, and seeing visions was incompetent); *Townsend v. State*, 949 S.W.2d 24, 27 (Tex. App.–San Antonio 1997, no pet.) ("A determination that a person is mentally ill does not constitute a finding that the person is incompetent to stand trial."). Accordingly, Appellant's first issue is overruled.

## VOLUNTARY PLEA

In her second issue presented for review, Appellant asserts that her guilty plea was not knowing and voluntary. Relying on her testimony at the punishment hearing that alleged the victim told her that he was in his fifties, Appellant asserts on appeal that she did not have a complete understanding of the charged offense as she did not know that the offense could only be committed if she had knowledge that the victim was 65 years or older. Therefore, by citing article 26.13(b), which prohibits a trial court from accepting a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary, she implies that the trial court erred by accepting her guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b). The State responds that Appellant's issue is not preserved for our review.

Generally, a party raising a complaint on appeal must have made a timely and specific objection in the trial court and the court must have ruled on the objection. Tex. R. App. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Except for complaints involving systemic or absolute requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). *Id*. at

342. A defendant's right to plead not guilty is a waivable right. *Mendez*, 138 S.W.3d at 343-44.

In *Mendez*, the Court of Criminal Appeals held that absent a request to withdraw a guilty plea, a defendant cannot raise the voluntariness of his plea for the first time on appeal despite punishment evidence received by the trial court that may raise an issue as to his guilt. *Mendez*, 138 S.W.3d at 344. Similarly, the Dallas Court of Appeals has held that once a defendant has been fully admonished of his rights following his plea of guilty, he may not raise the issue of voluntariness for the first time on appeal, despite punishment evidence suggesting he did not understand an element of the offense, without first asserting that complaint to the trial court. *See Wilson v. State*, Nos. 05-05-01100-CR, 05-05-01101-CR, 05-05-01102-CR, 2006 WL 1892381, at *3 (Tex. App.–Dallas Dec. 20, 2006, pet. ref'd) (op., not designated for publication). We have also held that when a defendant fails to contest the voluntariness of his guilty plea in the trial court, he may not raise the issue for the first time on appeal. *See Starks v. State*, 266 S.W.3d 605, 613 (Tex. App.–El Paso 2008, no pet.); *Hall v. State*, No. 08-08-00111-CR, 2010 WL 654157, at *4 (Tex. App.–El Paso Feb. 24, 2010, no pet. h.) (op., not designated for publication).

The record before us establishes that Appellant entered a plea of guilty after being admonished by the trial court in accordance with article 26.13 and after being advised by her attorney. She did not at any time after the initial guilty plea ask to withdraw her plea of guilty. Even after she testified at the punishment hearing, Appellant did not seek to withdraw her plea of guilty. Instead, she argues for the first time on appeal that her guilty plea was involuntary based on her testimony at the punishment hearing. We therefore conclude that Appellant may not raise this issue for the first time on appeal. *See Mendez*, 138 S.W.3d at 350; *Starks*, 266 S.W.3d at 613; *Hall*, 2010 WL 654157, at *4; *Wilson*, 2006 WL 1892381, at *3; *see also Neely v. State*, No. 2-07-254-CR, 2008 WL 1932140, at *2-3 (Tex. App.–Fort Worth May 1, 2008, no pet.) (mem. op., not designated

for publication) (applying *Mendez* to contention that the trial court should not have accepted the defendant's guilty plea because evidence admitted during the guilty plea hearing showed the defendant lacked the necessary intent to support his conviction; holding that because the defendant did not ask to withdraw his guilty plea, he may not complain for the first time on appeal that the trial court erred by accepting his alleged involuntary plea). Accordingly, Appellant's second issue is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

May 28, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)