COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WILBERT NORWOOD STARKS, | § | |
| | | No. 08-07-00229-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 195th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# F-0400106-KN) |
| | § | |

**O P I N I O N**

This is an appeal from a guilty plea for intentionally and knowingly possessing less than one gram of cocaine. The trial court assessed a punishment of five years' imprisonment. We affirm the judgment of the trial court.

## I.  SUMMARY OF THE EVIDENCE

Appellant, Wilbert Starks, was arrested on November 2, 2002, and charged with unlawful possession of a controlled substance, less than one gram of cocaine. He was initially indicted on December 13, 2002, and was reindicted on February 4, 2004. Appellant filed several *pro se* pretrial motions while incarcerated and awaiting trial. In an "Omnibus Pretrial Motion for Dismissal," dated October 2, 2004, he requested dismissal, because his confinement was illegal due to insufficient evidence against him. In the same motion, Appellant included a request for dismissal of the case, because the State had failed to provide him a fast and speedy trial.

When Appellant asserted that the State had violated his right to a speedy trial, he requested that "the court dismiss all charges in this instant case or in the alternative, set up a pretrial hearing

and after all facts and laws are heard, and considered dismiss all charges . . . ." In the same motion, Appellant declared his innocence, claiming that his possession of cocaine was involuntary, accidental, or by mistake, while he was under duress and/or temporary insanity.

Appellant filed a motion for dismissal arguing that the State had received illegal and unconstitutional continuances. Appellant filed a motion to quash the indictment claiming that it was "fundamentally defective." He also requested, in the same motion, that the court dismiss the "indictment, information and complaint and dismiss all charges . . . ." Appellant also filed a motion to suppress in which he asked that the charges against him be dismissed. All of the foregoing motions were denied by the trial court, without a hearing, on December 6, 2004.

At trial the next day, Appellant pleaded guilty to unlawful possession of a controlled substance of less than one gram of cocaine. He was admonished in writing and orally. Appellant also signed a judicial confession and, in open court, reaffirmed his desire to plead guilty. Appellant stated that he understood the charges against him. He further stated that he wanted to plead guilty to the charge in return for five years of incarceration. Appellant stated that he entered the guilty plea freely and voluntarily, because he was guilty as charged and for no other reason.[1]

## II. DISCUSSION

Appellant raises three issues on appeal. First, he argues that the trial court erred when it set aside his motions to dismiss his indictments for lack of a speedy trial. Appellant also argues that the trial court should not have accepted his guilty plea, because it was involuntary or, in the alternative, that the trial court should *sua sponte* have withdrawn the guilty plea. Appellant's last contention is

---

[1] At the same time, Appellant pleaded guilty in cause number 08-07-00230-CR, which was the companion case in which he was charged with unlawful possession of firearm by a felon.

2

that the trial court abused its discretion when it failed to hold a hearing on his *pro se* pretrial motions.

Regarding the first issue, Appellant asserts that the court erred in failing to dismiss the case for lack of a speedy trial. Specifically, Appellant calculates the delay to have been slightly over two years and one month, and he asserts that such delay denied him a speedy trial, in contravention of the federal and state constitutions.

The right to a speedy trial is guaranteed by the federal and Texas constitutions. *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10; *Klopfer v. North Carolina*, 386 U.S. 213, 223-24, 87 S. Ct. 988, 993-94 (1967); *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985). On review, we balance four non-exclusive factors when analyzing the trial court's decision to grant or deny a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice that results to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972); *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1192 (1995). No single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. *Barker*, 407 U.S. at 533, 92 S. Ct. at 2193. Instead, the factors are related and must be considered together, along with such other circumstances as may be relevant. *Id.*; *Palacios v. State*, 225 S.W.3d 162, 166-67 (Tex. App.--El Paso 2005, pet. ref'd).

We apply a bifurcated standard of review: an abuse of discretion standard for the factual components and a *de novo* standard for the legal components. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). This means that we independently weigh and balance the *Barker* factors, but we engage in the presumption that the trial court resolved any disputed fact issues in a manner that supports its ruling. *See id.*; *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App.

3

1999). Stated in another manner, we review legal issues *de novo*, but give deference to a trial court's resolution of factual issues, including deference to the trial court's drawing of reasonable inferences from the facts. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); *Palacios*, 225 S.W.3d at 167.

The first factor, the length of the delay, is viewed as a triggering mechanism. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "Presumptively prejudicial" refers, not to statistical prejudice, but simply to a point at which the court believes the delay was unreasonable. *Munoz*, 991 S.W.2d at 821-22. Furthermore, there is no specific length of delay which constitutes a lack of a speedy trial. The delay is measured from the time the defendant is formally accused or arrested to the time when he is tried. *Hull*, 699 S.W.2d at 221.

In the present case, the State necessarily concedes that the twenty-five-month delay between Appellant's arrest and his trial is sufficient to trigger the *Barker* analysis. *See Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) ("In general, courts deem delay approaching one year to be 'unreasonable enough to trigger the *Barker* inquiry.'"); *accord*, *Escajeda v. State*, No. 08-07-00146-CR, 2008 WL 616120, at *1 (Tex. App.--El Paso Mar. 6, 2008, no pet.) (not designated for publication). Clearly, the length of delay was well beyond that required to trigger an inquiry, and this factor is weighed heavily against the State. *See Zamorano*, 84 S.W.3d at 649.

The next *Barker* factor is the reason for the delay. The State has the initial burden of justifying a lengthy delay. *Emery*, 881 S.W.2d at 708; *Lott v. State*, 951 S.W.2d 489, 493 (Tex. App.--El Paso 1997, pet. ref'd). In examining the reasons for the delay, we accord different weights to various reasons. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192; *Emery*, 881 S.W.2d at 708. A

4

deliberate attempt to delay the trial in order to hamper the defense would be weighed heavily against the State. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. Conversely, valid reasons are not weighed against the State at all. *Id.*

On the other hand, if an accused's own actions constitute the majority of the reason for the delay in trial, this factor weighs against his speedy trial claim. *See Love v. State*, 909 S.W.2d 930, 947 (Tex. App.--El Paso 1995, pet. ref'd). In fact, delay that is attributable in whole or in part to the defendant may constitute a waiver of the speedy trial claim. *Munoz*, 991 S.W.2d at 822. When the record is silent as to the reason for the delay, we may presume neither a valid reason nor a deliberate attempt to prejudice the defense. *Dragoo*, 96 S.W.3d at 314.

Appellant asserts that he was indicted on cocaine charges on December 13, 2002, and reindicted in February 2004. His trial was set for February 2004 and reset for June of that year. Appellant also asserts that he was indicted on firearm charges initially on November 25, 2002, and again on February 4, 2004.[2] Appellant asserts in his "Omnibus Pretrial Motion for Dismissal" that the State was not ready for trial. He also states that he never requested a continuance, but the State received many continuances. The State's brief offers no reason for the delay, nor does the record indicate a justifiable reason for the delay. Therefore, the second factor points toward a violation of Appellant's right to a speedy trial. The weight of this factor is, however, slight, because there is no evidence the State intended to cause a delay for strategic gain.

The third factor, the defendant's assertion of his right to a speedy trial, is closely related to the other three factors, because the longer the delay, and the more prejudice the defendant perceives

---

[2] Appellant's assertions of indictment dates do not match the record, which reflects that he was indicted in July of 2004 for possession of a firearm by a felon, and January 2004 for possession of cocaine. Other indictment information is absent from the record.

that he suffers, the more inclined he will be to assert his right to a speedy trial. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192. Therefore, a defendant's assertion of his right to a speedy trial is entitled to strong evidentiary support in determining whether a speedy trial has been denied. *Id.* at 531-32, 92 S. Ct. at 2192-93. Furthermore, while a motion to dismiss does put both the State and the court on notice of a speedy trial claim, courts have noted the motivation behind asking for dismissal, rather than for a prompt trial, is relevant and may decrease, perhaps significantly, the strength of a defendant's claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983); *see also Parkerson v. State*, 942 S.W.2d 789, 791 (Tex. App.--Fort Worth 1997, no pet.).

In *Barker*, the Court reasoned that a motion to dismiss the indictment in response to a continuance by the State and the lack of a motion for an immediate trial showed that the defendant merely wanted to take advantage of the delay to get the case dismissed. 407 U.S. at 534-35, 92 S. Ct. at 2194. A defendant's request for a speedy trial was weakened where he filed various pretrial motions, did not receive a hearing on the motions, and then filed a motion to dismiss, because it appeared that he wanted *no* trial, rather than a *speedy* trial. *Parkerson,* 942 S.W.2d at 791.

Similar to *Parkerson,* Appellant filed various *pro se* motions with the trial court. In most of the motions, Appellant asked for his case to be dismissed. He requested dismissal because of insufficient evidence and for failure to provide a speedy trial. He also argued for the indictment to be quashed, because it was fundamentally defective, and for the charges to be dismissed. Yet, when Appellant was set for trial, he entered a guilty plea. Appellant did assert his right to a speedy trial; however, he requested that the court dismiss all charges or hold a pretrial hearing and then dismiss the case after all the facts were heard. In asserting his right to a speedy trial, Appellant repeatedly sought dismissal of his case, rather than a prompt trial to determine his guilt or innocence.

6

Since Appellant did assert his right to a speedy trial, factor three favors Appellant's claim of a violation of this right. However, we find the factor is substantially weakened by Appellant's numerous requests for dismissal of the case in his *pro se* motions and then his ultimate decision to plead guilty when his trial arrived.

The final factor we must analyze regards what, if any, prejudice Appellant suffered as a result of the delay. In some cases, the delay may be so excessive as to be presumptively prejudicial. *Guajardo v. State*, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). Yet even where the delay is presumptively prejudicial, the defendant must nevertheless show that he has, in fact, been prejudiced. *Id.* A showing of actual prejudice is not required; however, a defendant must make a prima facie showing of prejudice which was caused by the delay of the trial. *Munoz*, 991 S.W.2d at 826. Once the defendant has made such a showing, the burden shifts to the State. *Guajardo*, 999 S.W.2d at 570-71. However, the presumption of prejudice is diminished by the defendant's acquiescence in the delay. *Barker*, 407 U.S. at 534-36, 92 S. Ct. at 2194-95; *Doggett v. United States*, 505 U.S. 647, 658, 112 S. Ct. 2686, 2694 (1992); *Dragoo*, 96 S.W.3d at 315.

The prejudice to the defendant is assessed in the light of the interests which the speedy trial right is designed to protect, to wit, (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Munoz*, 991 S.W.2d at 826. Of these interests, the third is the most important, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193; *Doggett*, 505 U.S. at 654, 112 S. Ct. at 2692; *Dragoo*, 96 S.W.3d at 315.

First, it should be noted that there are very few facts in the record upon which to determine

the prejudice suffered by Appellant. As to Appellant's claim of oppressive incarceration, it may have been oppressive, if he had not received credit on his sentence for time served or if he had ultimately been found innocent of the charges. However, Appellant pleaded guilty and received full credit for the time he had spent in jail, so his twenty-five-month pretrial incarceration was not, in this case, oppressive. As to Appellant's claim of having suffered from anxiety, any criminal charge is certain to bring a level of anxiety with it; however, Appellant failed to introduce any evidence that the anxiety he suffered either was abnormal or caused his case prejudice. There is nothing in the record to show that any witnesses forgot any details or otherwise became unavailable as a result of the delay or that Appellant himself could not recall the events, because of the length of the delay. For that reason, the record as it stands is insufficient to show Appellant's defense was compromised by the delay. The fourth factor favors a finding that Appellant's right to a speedy trial was not violated.

In conclusion, the length of the delay and, to a lesser extent, the reason for the delay, favor Appellant's position that his right to a speedy trial was violated. However, the Appellant did not introduce any evidence showing he suffered prejudice from the delay, and, when he asserted his right to a speedy trial, he did so under the guise of a ground for dismissal, not a ground for an immediate and prompt trial. Therefore, although we do not look with favor on the delay in bringing the case to trial, it cannot be said that Appellant suffered a violation of his right to a speedy trial. Issue No. One is overruled.

In Issue No. Two, Appellant contends that the court erred by accepting his plea in the cocaine case or, alternately, that the trial court should *sua sponte* have withdrawn his guilty plea, as it was not knowingly and voluntarily entered.

Initially, we note that, due to Appellant's failure to contest his guilty plea to the trial court, he waived his ability to raise such contention on appeal. A defendant may withdraw his guilty plea as a matter of right, without assigning a reason, until such judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). In order to raise an issue for appellate review, the record must show that the issue was raised by objection, timely request, or motion to the trial court. TEX. R. APP. P. 33.1(a).

In *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004) (quoting *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000)), the Court of Criminal Appeals has held that only complaints involving fundamental constitutional systemic requirements[3] can be raised without having been preserved pursuant to Rule 33.1. A question concerning the voluntariness of a guilty plea is not a fundamental requirement. *Mendez*, 138 S.W.3d at 339. Furthermore, as Appellant did not withdraw his guilty plea, he cannot raise such issue for the first time on appeal by claiming that the trial court should have done it for him. *Id.* at 350. Therefore, Appellant is barred from claiming that he entered a guilty plea involuntarily.

Moreover, even if the issue were not barred, his guilty plea was voluntary. Appellant entered a guilty plea freely and voluntarily, following proper admonishments from the trial court. In reviewing the voluntariness of a guilty plea, a finding that the defendant was duly admonished creates a prima facie showing that he entered into the guilty plea knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). This finding causes the burden to

---

[3] The Court of Criminal Appeals explained that a "'systemic requirement' (also known as an 'absolute requirement or prohibition') is a law that a trial court has a duty to follow even if the parties wish otherwise. Any party that is entitled to appeal may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law." *Mendez*, 138 S.W.3d at 340.

shift to the defendant to show that he did not understand the consequences of his plea, so that he suffered harm. *Id.* His burden to prove that he entered the plea involuntarily is especially high when the defendant states that he understands the nature of the proceedings, that the allegations are true, and that there is no outside pressure forcing him to enter into such a plea. *Rodriguez v. State*, 933 S.W.2d 702, 706 (Tex. App.--San Antonio 1996, pet. ref'd). When considering the voluntariness of a plea, the appellate court is to consider the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

The trial court must make several admonishments to a defendant, including the range of punishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). The court is permitted to make such admonishments in writing or orally, and no plea can be accepted, unless the defendant is mentally competent and the plea is entered into freely and voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13(b), (d).

The trial court properly admonished Appellant. A trial court has been found to have properly admonished a defendant where he executed a written statement stating that he was uninfluenced by fear, persuasion, or delusive hope of pardon or parole, signed by the defendant and his attorney, then reaffirmed in open court. *Williams*, 522 S.W.2d at 486. Here, Appellant and his counsel signed a similar statement and reaffirmed it in court. Appellant provides no evidence or argument that he did not understand the consequences of his plea. In fact, Appellant testified to the trial court that he did understand the agreement; therefore, it cannot be said that Appellant entered his plea involuntarily. Issue No. Two is overruled.

Finally, Appellant asserts in his brief that the trial court abused its discretion in failing to conduct a hearing on his pretrial motions. However, the State maintains that Appellant provided no

10

authority in support of this contention. We agree. The complaint is therefore waived, and we overrule it. *See* TEX. R. APP. P. 38.1(h) (an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *Coble v. State*, 871 S.W.2d 192, 202 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 829 (1994) (failure to present any argument or authority on appeal waives the complaint). Issue No. Three is overruled.

## III. CONCLUSION

We affirm the judgment of the trial court.


KENNETH R. CARR, Justice

September 25, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Publish)

11