

IN THE
TENTH COURT OF APPEALS

No. 10-08-00312-CR

TERRANCE PERCIVAL BRUNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1834-C2

MEMORANDUM OPINION

Terrance Percival Brunson pled guilty to the offense of Failure to Register as a Sex Offender. TEX. CODE CRIM. PROC. ANN. § 62.102 (Vernon 2006). The trial court certified that Brunson had the right to appeal his pre-trial motions. TEX. R. APP. P. 25.2(a)(2). Pursuant to a plea bargain, Brunson was sentenced to two (2) years confinement in the Texas Department of Justice – Institutional Division. Brunson complains that the trial court erred by not granting his motion to dismiss for lack of a speedy trial pursuant to the United States and Texas constitutions. Because we find that there was no speedy trial violation, we affirm the judgment of the trial court.

Brunson was arrested on April 30, 2007 for failing to register as a sex offender and was indicted for that offense on June 20, 2007. Brunson filed multiple *pro se* motions for various purposes. A primary contention of his was that the indictment was faulty. The State filed a motion to amend the indictment to address Brunson's issues. Brunson objected to the amendment of the indictment, but the trial court granted the amendment. Shortly thereafter, the State re-indicted him under a new cause number on November 7, 2007. Brunson claims that he filed a motion for speedy trial in July of 2007; however, his first motion for speedy trial was not filed until September 14, 2007 under the original indictment. The trial court held a pre-trial hearing on February 8, 2008, March 20, 2008, April 21, 2008, and August 22, 2008. Brunson personally addressed the trial court at each of those hearings to address his complaints with the indictments. During the pretrial on March 20, 2008, Brunson requested a pretrial hearing to be set on his motions. The trial court agreed to take them up immediately. It appears that Brunson might have been attempting to raise his speedy trial claim at that time:

| | |
|---|---|
| Brunson: | Because the law states that prejudice is presumed if there has been a delay. And the State has – has rebuttal opportunities. And I just wanted to – to ask if I could have a pretrial hearing to present the motions. Am I asking a fair thing? |
| The Court: | Your motion is presented right now. The State – does the State require copies? |
| The State: | We can get one, Your Honor. |
| Brunson: | So can I go ahead and read the whole – what I'm trying to ask – |

Brunson's attorney: It's been filed. So now that it's been presented–

The Court:    You don't have to read your motion.

Brunson:    That's all I wanted to know.

The Court:    No. You don't have to read your motion. It's in the Court's file, and I can read that. Okay?

Brunson:    Yes, Your Honor. And I'm asking, will Your Honor take time to read it? And sometimes judges like to take things under advisement. And when you take sometimes under advisement, I don't know when to give my objection. I just want to preserve my error. That's all I'm trying to do, Your Honor, is preserve error.

The Court:    Well, your motion is denied.

(Portion of testimony omitted.)

The Court:    If there's any error in my ruling it's preserved because you – it's been done on the record. The court reporter is [sic] taken down everything you've said. All of the allegations in your motion are in the Court's file. I've denied them all on the record. Okay?

Reporter's Record Volume 3, Pages 12-13.

For purposes of this appeal, we will construe this as the hearing on Brunson's motion for speedy trial. Thereafter, at the hearing on August 22, 2008, Brunson decided to plead guilty with a plea bargain of two years incarceration with the right to appeal the denial of his pre-trial motions.

Brunson was represented by three different court-appointed attorneys during the pendency of these two cases. None of the attorneys raised a speedy trial claim at any time or requested a hearing on Brunson's motions regarding a speedy trial. Brunson has not claimed that he received ineffective assistance of counsel in this appeal.

Brunson's ability to present his claim to us is severely handicapped by the lack of a record on which to construct his arguments. However, it appears that the trial court understood Brunson's complaint and denied it, which preserves Brunson's speedy trial issue for this appeal. *See* TEX. R. APP. P. 33.1(a).

*Speedy Trial*

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002)). Supreme Court precedent requires state courts to analyze federal constitutional speedy-trial claims "on an *ad hoc* basis" by weighing and then balancing the four *Barker v. Wingo* factors: 1) length of the delay, 2) reason for the delay, 3) assertion of the right, and 4) prejudice to the accused. *Barker v. Wingo*, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice. *Id*. The four factors are related and must be considered together along with any other relevant circumstances. *Id.* at 281. Courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed. *Id*.

*Standard of Review*

"In reviewing the trial court's ruling on appellant's federal Constitutional speedy trial claim, we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a de novo standard for the legal components."

*Zamorano*, 84 S.W.3d at 648. Under the abuse of discretion standard, appellate courts defer not only to a trial court's resolution of disputed facts, but also to his right to draw reasonable inferences from those facts. *Cantu*, 253 S.W.3d at 282. It does not appear from the record before us that a hearing was held directly addressing Brunson's speedy trial claim and no evidence directly related to his speedy-trial claim was presented. Thus, his ability to present his claim to us is severely handicapped by the lack of a record on which to construct his arguments. *See Meyer v. State*, 27 S.W.3d 644, 648 (Tex. App.—Waco 2000, pet. ref'd), *abrogated on other grounds by Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

*Length of the Delay*

The length of the delay is measured from the time the defendant is arrested or formally accused. *Dragoo*, 96 S.W.3d at 313. This factor is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable under the circumstances. *Id.* (citing *Doggett v. United States*, 505 U. S. 647, 651-652, 120 L. Ed. 2d 520, 112 S. Ct. 2686 (1992); *Barker v. Wingo*, 407 U.S. at 530). In general, a delay approaching one year is unreasonable enough to trigger the *Barker* inquiry. *Dragoo*, 96 S.W.3d at 313. In this case, approximately sixteen months had passed since Brunson's arrest prior to his guilty plea. This is sufficient to trigger the *Barker* inquiry.

*Reason for the Delay*

When a court assesses the second *Barker* factor, "different weights should be assigned to different reasons" for the delay. *Dragoo*, 96 S.W.3d at 316. A valid reason

for the delay should not be weighed against the government at all. *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (citing *Barker v. Wingo*, 407 U.S. at 531) (valid reason for the delay "should serve to justify appropriate delay")). Delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim. *Id*. (citing *Dickey v. Florida*, 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26, 38 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility")).

Because of the way the hearing on the speedy trial took place, the State was never called upon to articulate a reason for the delay. The State now contends that Brunson was the primary cause of the delay. It is apparent from the record that Brunson had three separate attorneys appointed to represent him, and that he had filed motions complaining about ineffective assistance regarding the first two prior to their withdrawal. The third attorney also sought to withdraw, but the trial court denied his request. The record also indicates that Brunson did not wish to appear without an attorney, but also wanted to be able represent himself. The trial court gave Brunson great latitude regarding this "hybrid" representation. The hearing on April 21, 2008 was originally for a guilty plea, however, when the trial court asked Brunson how he wanted to plead, Brunson once again reurged his complaints regarding the indictment and ultimately pled not guilty.

It is the State's burden to justify the length of the delay, which it did not do. It was incumbent on the State to request that the trial court allow them the opportunity to

address the reasons for the delay. *See Meyer*, 27 S.W.3d at 649. Thus, this factor weighs against the State, although only slightly. *Shaw*, 117 S.W.3d at 889-890.

*Assertion of the Right*

A defendant has the responsibility to assert his right to a speedy trial. *Cantu*, 253 S.W.3d at 283. The lack of a timely demand for a speedy trial strongly indicates that a defendant did not really want a speedy trial and that he was not prejudiced by the lack of one. *Dragoo*, 96 S.W.3d at 316. Inaction weighs more heavily against a violation the longer the delay becomes. *Id*. Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283.

Brunson filed multiple motions regarding his speedy trial claim, some within days of each other. The majority of the motions that referenced his speedy trial issue were primarily focused on convincing the trial court to dismiss his case for what Brunson was convinced was a faulty indictment and the failure of the State to indict him within 180 days of his arrest.[1] Additionally, the majority of these motions did not request a speedy trial but a dismissal of the charges against him. This factor weighs in favor of Brunson.

*Prejudice to the Accused*

When a court assesses the final *Barker* factor, it must do so in light of the interests of defendants the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit

---

[1] Brunson does not challenge either of these issues in his appeal.

the possibility that the accused's defense will be impaired. *Barker v. Wingo*, 407 U.S. at 532; *Dragoo*, 96 S.W.3d at 316. On appeal, Brunson does not allege that his defense was impaired, therefore this weighs against him.

Brunson's complaint regarding prejudice is that during his incarceration, he lost employment, got a divorce, and his financial affairs were damaged. Brunson also contends that he suffered a greater degree of anxiety than otherwise associated with being charged with a crime, although there is nothing to substantiate that other than this blanket assertion in Brunson's brief to this Court.

As stated above, Brunson was incarcerated for approximately sixteen months prior to his plea of guilty. Brunson was sentenced to two years confinement and the trial court gave him credit for the entire time he had served prior to his plea. Appellant's incarceration may have been oppressive if he had not received credit on his sentence for time served or if he had ultimately been found innocent of the charges, but Appellant received credit on his sentence for his pre-trial incarceration. *See Starks v. State*, 266 S.W.3d 605, 612 (Tex. App.—El Paso 2008, no pet.) (holding that appellant's twenty-five-month pretrial incarceration was not oppressive when appellant received credit on his sentence for time served and appellant ultimately pleaded guilty to charges); *see also United States v. Casas*, 425 F.3d 23, 34-35 (1st Cir. 2005) (holding defendants' allegations of anxiety and concern during forty-one month period of pretrial incarceration insufficient to show violation of speedy trial right when time served was credited against sentences they received upon conviction); *Gray v. King*, 724

F.2d 1199, 1204 (5th Cir. 1984) (holding that ten-month incarceration was not oppressive pretrial incarceration when defendant received credit for pretrial incarceration).

As to Appellant's claim of having suffered from anxiety, any criminal charge is certain to bring a level of anxiety with it; however, Appellant failed to introduce any evidence that the anxiety he suffered either was abnormal or caused his case prejudice. *See Goodrum v. Quarterman*, 547 F.3d 249, 263 (5th Cir. 2008) ("[G]eneralized expressions of anxiety and concern amount to little more than a nominal showing of prejudice."). Brunson has not demonstrated any personal or defense prejudice. The fourth factor weighs against Brunson.

*Balancing*

Having addressed the Barker factors, we must now balance them. Weighing in favor of finding that Brunson's speedy trial right was violated are the facts that there was approximately a sixteen-month delay between his arrest and plea. No reason for the delay has been specifically proved by the State,[2] and Brunson properly asserted his speedy trial right. However, the prejudice caused to Brunson by the delay is minimal, he has not shown that any of the prejudice he suffered flowed from an impairment to his defense and Brunson received credit on his sentence for time served. We hold that there was no violation of his right to a speedy trial. We overrule Brunson's sole issue.

---

[2] Notwithstanding the absence of formal presentation of evidence at the hearing, in the limited context of this *Barker* analysis and balancing, we cannot ignore the court's file. If we did, there would also be no evidence of a sixteen-month delay or the assertion of the right on which Brunson relies.

*Conclusion*

We find that there was no speedy trial violation.  The judgment of conviction is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed November 18, 2009
Do not publish
[CR25]