In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00141-CR

                                                ______________________________

 

 

                         RANDOLF SAMUEL FRANKLIN, II,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 264th
Judicial District Court

                                                               Bell County, Texas

                                                            Trial
Court No. 65121

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Randolf
Samuel Franklin, II,[1]
pled guilty to committing theft from a person, resulting in an order of
deferred adjudication community supervision for a period of five years.  The State moved to adjudicate guilt in this
matter after Franklin allegedly committed burglary of a habitation in violation
of the terms and conditions of his community supervision.  After Franklin pled true to the violation,
the trial court adjudicated him guilty and sentenced Franklin to two years’
imprisonment.    

            Franklin
argues that the trial court erred in refusing to allow his court-appointed
attorney to withdraw on the day of the contested hearing, rendering his plea
involuntary.[2]  Because we decide that Franklin failed to
preserve any complaint that his plea was involuntary, and this issue is
dispositive of Franklin’s appeal, we affirm the trial court’s judgment.  

            At the
hearing on the motion to withdraw, Franklin asked the trial court to appoint
another attorney.  He stated, “My family
is in the process of seeing if we can hire a lawyer.”  When asked why he wished counsel to withdraw,
Franklin answered,

I’ve
spoken and seen him, I want to say about four times since December.  All my questions have not been answered fully.
 Very aggressive in the last two visits.  If I’m not mistaken, the last statement made
by Mr. Rodriguez, his assistant was good luck in the penitentiary, did not sit
right with me at all.  So I mean as the
list goes on and on.  I have everything
written down if you need me to read the whole list, but like I said, I do not feel
comfortable going to trial with Mr. Barina or any of his assistants at this
time.  

 

In response, counsel assured that he was prepared for
trial.  

 

            On appeal,
Franklin does not allege that his counsel was ineffective.  He simply contends that the trial court’s
failure in allowing the withdrawal forced him to “go to trial with an attorney
in whom he had no confidence and who had failed to sufficiently inform
Appellant, and risk a life sentence on the [burglary] case or plead to the
lesser-included offense and face twenty years.”   

            “As
a prerequisite to presenting a complaint for appellate review, the record must
show that:  (1) the complaint was made to
the trial court by a timely request, objection, or motion . . . .” Tex. R. App. P. 33.1(a)(1).  We have previously held that challenges to the
voluntariness of a plea of guilty must be raised at the trial court level to
preserve the complaint for review on appeal.  Sims v.
State, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. dism’d) (citing Mendez v. State, 138 S.W.3d 334, 350
(Tex. Crim. App. 2004)); Starks v. State,
266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.).  The issue could be raised by a motion for new
trial during the plenary jurisdictional authority of the trial court.  The trial court advised Franklin in open
court of his right to file a motion for new trial, a motion in arrest of
judgment, or to accept the court’s sentence. 
The record demonstrates that Franklin did not raise this issue
below.  Without presenting this issue to
the trial court in any manner, it had no opportunity to address the
merits.  Without a timely objection,
motion, or request that the trial court inquire into the voluntariness of his
plea, Franklin has forfeited his right to complain about the voluntariness of his
guilty plea.   Franklin’s point of error
is overruled. 

            We affirm
the judgment of the trial court. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
1, 2011      

Date Decided:             November
15, 2011

 

Do Not Publish           

 

 

 

 











[1]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005). 
We are unaware of any conflict between precedent of the Third Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Franklin
also appeals his conviction of burglary of a habitation addressed in our cause
number 06-11-00142-CR on the same grounds.