**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00046-CR**

_____

**PAUL EUGENE FIELDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court**
**Leon County, Texas**
**Trial Cause No. 2016-21532**

**MEMORANDUM OPINION**

Appellant was convicted of driving while intoxicated. Tex. Penal Code Ann.
§ 49.04(a), (c). In the court below, Appellant moved to dismiss the complaint against
him on the grounds that there was no probable cause for the traffic stop and he was
denied his constitutional right to a speedy trial. After the trial court denied
Appellant's request, Appellant agreed to a plea bargain, and the trial court entered a
judgment of conviction pursuant to that agreement. The trial court also certified

1

Appellant's right of appeal as to the speedy trial issue only. Appellant then appealed his conviction.[1] Finding that Appellant's right to a speedy trial was violated, we reverse the trial court's judgment.

## I. Background

### A. Procedural History

On the evening of April 23, 2016, Appellant was arrested for driving while intoxicated. He posted bail on the following day, and with limited interruptions, he remained free on bond until August of 2017, when he was arrested on federal charges. Appellant remained in federal custody from the time of that arrest until May of 2020, when he was returned to the Leon County jail after serving his federal sentence. Appellant was again released on bond, and apparently remained free on bond until at least December 2, 2020, when he pleaded guilty to the DWI charge pursuant to a plea bargain agreement.

During the pendency of Appellant's Leon County case, his initial attorney requested and was granted one continuance due to her own health needs, and in February of 2018 and January of 2019, she filed and re-urged a motion for a bench warrant and speedy trial. The record does not disclose what became of the February 22, 2018 motion, but in response to the January 14, 2019 request for a hearing, the

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001.

trial court ordered the issuance of a bench warrant, which warrant was issued but was returned unserved. It appears that neither the prosecutor's office nor the trial court took any further action regarding Appellant's speedy trial request until Appellant's new attorney undertook to again bring the matter to the trial court's attention on November 3, 2020.

## B. The Speedy Trial Motion

On November 13, 2020, the trial court conducted a hearing on Appellant's motion to set aside the complaint and information due to the alleged violation of Appellant's right to a speedy trial. Appellant testified at that hearing, noting that his pending criminal charges, including the DWI charge, precluded his involvement in a residential drug and alcohol treatment program while he was in federal prison, and the program's associated early release to a halfway house. Appellant further testified that he wanted a trial on the Leon County charges to have been eligible for early release from federal prison and indicated that the lengthy delay between his arrest and his pending trial harmed him, partially because his memory of relevant events had faded. Appellant did, however, concede that the video recording of his arrest would have aided his memory.

During that hearing, the attorneys presented arguments regarding the applicability of the Interstate Agreement on Detainers Act (IADA) to Appellant's alleged speedy trial violation. *See* Tex. Code Crim. Proc. Ann. art. 51.14 art. III.

3

Specifically, the State claimed that Appellant had a duty to proceed under the IADA but failed to do so; the State had no power to bring Appellant to trial under the IADA, and the State had exercised diligence to get the case tried. Appellant argued that the IADA was a separate claim from the alleged Sixth Amendment violation presented to the trial court.

The trial court denied Appellant's motion on November 23, 2020 and made written findings of fact and conclusions of law on March 11, 2021.

## II. Standard of Review

To determine whether a defendant has been denied his constitutional right to a speedy trial, courts are required to balance four non-exclusive factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) whether the accused suffered prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In applying this balancing test to the case before us, "we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components." *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). We also apply a de novo standard in balancing the *Barker* factors. *Johnson*, 954 S.W.2d at 771.

By itself, no single factor is sufficient to require a trial court to find that a Sixth Amendment violation occurred. *See Barker*, 407 U.S. at 530, 533; *Zamorano,* 84

4

S.W.3d at 648. Instead, in evaluating speedy trial claims, courts are required to engage in a balancing process to determine whether the delays in bringing a defendant's case to trial deprived the defendant of a speedy trial. *See Barker*, 407 U.S. at 533; *Zamorano*, 84 S.W.3d at 648; *see also* U.S. CONST. amend. VI.

### III. Analysis

In this case, the trial court made written findings of fact and conclusions of law and determined that three of the four *Barker* factors weighed in Appellant's favor; in fact, the trial court found that two of these three factors weighed *heavily* in Appellant's favor.[2] The trial court found that the remaining factor, the reasons for the delay, favored neither the State nor Appellant.

### A. Length of Delay

The threshold inquiry in a speedy trial analysis is whether there has been an unreasonable delay between a defendant's arrest and his trial, for unless there has been a "presumptively prejudicial" delay of approximately one year between these two events, there is no need to examine the reason for the delay, or the other *Barker* factors. *See Doggett v. U.S.,* 505 U.S. 647, 652 n. 1 (1992); *Balderas v. State*, 517 S.W.3d 756, 767-68 (Tex. Crim. App. 2016). In the case at bar, Appellant was

---

[2] The trial court found that the length of the pre-trial delay and Appellant's assertion of his speedy trial rights weighed heavily in his favor. The trial court also found that the prejudice factor, Appellant's exclusion from a rehabilitation program and possible early release, weighed in Appellant's favor, but did not quantify the degree to which this factor favored Appellant.

arrested in April of 2016, and was not brought to trial until early December of 2020, a delay of four and one-half years; this delay clearly exceeds the length of time necessary to trigger the remainder of the *Barker* analysis, and the State has admitted as much to both the trial court and to this court. We therefore conclude, as did the trial court, that this *Barker* factor favors Appellant, and we must proceed to examine the remaining *Barker* factors.

## B. Reason for Delay

In the trial court, the State placed great emphasis on the fact that Appellant was in federal custody for a significant portion of the time that his speedy trial rights allegedly were violated, and that Appellant did not avail himself of the applicable provisions of the IADA during that time. The State further argued that it was ready for trial at all times relevant to this matter, that it had done everything in its power to bring the case to trial, and that it lacked the ability to proceed under the IADA to try Appellant. The trial court noted that Appellant "did not file any request under the [IADA][,]" but made no corresponding observation that the State had also failed to use the procedures available under the IADA.[3] In apparent reliance on Appellant's

---

[3] In the Code of Criminal Procedure Article 51.14, Texas adopts The Interstate Agreement on Detainers Act, which outlines the cooperative procedure between the states to be used when one state is seeking to try a prisoner who is currently imprisoned in a penal or correctional institution of another state. The state with an untried indictment, information, or complaint against the prisoner may file a detainer with the institution in the state that is holding the prisoner. The prison is required to promptly inform the prisoner that a detainer has been filed against him and that he

failure to use the IADA to procure a speedy trial on his DWI charge, the trial court concluded that the reason for the delay did not weigh in favor of either the State or Appellant. If the trial court had correctly weighed the State's concomitant failure to utilize the provisions of the IADA, this consideration likely would have favored, however slightly, the Appellant's position. This viewpoint is underscored by the fact that the State offered no explanation (other than to lay the IADA issue at Appellant's doorstep) for the delays that followed Appellant's dual assertions of his right to a speedy trial. *See Bosworth v. State*, 422 S.W.3d 759, 769 (Tex. App.—Texarkana 2013, pet. ref'd.) (stating that when the State offers "no reason [] for the delay, this factor is weighed against the State." (citations omitted)). Accordingly, we determine that this *Barker* factor favors Appellant.

We do note, however, that the trial court did not err in considering the IADA as part of the reason for the delay, because, as stated above, the *Barker* factors are

---

has the right to request final disposition of the charges. Tex. Code Crim. Proc. Ann. art. 51.14 art. III(c). The prisoner may then request final disposition by giving written notice to the warden, who forwards the request, along with a certificate containing information about the prisoner's current confinement, to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction. *Id.* at art. III(d). Under Article III(a), the prisoner must then be brought to trial in the receiving state within 180 days from the date on which the prosecuting officer and the appropriate court receive this written request for a final disposition, unless a continuance is granted under the IADA. *Id.* at art. III(a). If the prisoner is not brought to trial within 180 days, the trial court must dismiss the indictment with prejudice. *Id.* at art. III(d). *See State v. Votta*, 299 S.W.3d 130, 134–35 (Tex. Crim. App. 2009).

non-exclusive. *Starks v. State,* 266 S.W.3d 605, 610 (Tex. App.—El Paso 2008, no pet).

## C. Appellant's Assertion of his Speedy Trial Right

The record reflects, and the trial court found, that Appellant twice asserted his right to a speedy trial: once in February of 2018, and once again in January of 2019. Although the appellate record does not show why or how those requests were never ruled upon by the trial court, the record does show that neither request resulted in Appellant's DWI charge being tried at any time before December of 2020, nearly two years after Appellant's second speedy trial request, and well over four years after his arrest.

The State's argument in the trial court essentially advanced the proposition that Appellant's failure to demand a trial immediately upon his May 2020 release from federal prison nullified his speedy trial complaint. In this court, however, the State has substantially conceded that this third *Barker* factor favors Appellant. Given the State's current position, we are inclined to find that this factor also favors Appellant, particularly because Appellant had no duty to bring himself to trial; instead, that burden fell to the State. *Barker,* 407 U.S. at 527.

## D. Prejudice to Appellant

As noted earlier in this opinion, Appellant's claim of prejudice is based on his inability to participate in a rehabilitation program while incarcerated and the early

release from federal prison that participation in that program could have afforded him. Because the trial court found Appellant to be a credible witness on his own behalf, and because we have no reason to disturb that finding, we will accept as true Appellant's testimony regarding the pending criminal charge and its effects on his federal prison experience.

The Court of Criminal Appeals has held an inmate may be prejudiced by the lack of a speedy trial on an unrelated charge as the "possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." *Turner v. State*, 545 S.W.2d 133, 138 (Tex. Crim. App. 1976). The *Turner* court further observed that "under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him." *Id.* (quoting *Smith v. Hooey*, 393 U.S. 374, 378 (1969)). We therefore may not reject Appellant's claim on the basis that his imprisonment precluded any prejudice. We also may not reject Appellant's claim of prejudice on the ground urged by the State, that "Appellant was able to present [his] motion to suppress without any detriment due to the delay[,]"] because this statement does not address Appellant's specific prejudice allegation of being excluded from a rehabilitation program. Instead, the State's argument attempts to sidestep Appellant's claim of

prejudice by diverting our attention from Appellant's exclusion from a treatment program to his ability to present a motion to the trial court six months after his release from his federal sentence.

Moreover, the State's above-quoted assertion may be factually incorrect. Appellant filed his motion to suppress on May 9, 2017, before his arrest on federal charges, yet he had no hearing on the motion until November of 2020, after his release from federal custody. While this timing of events does not necessarily show prejudice to Appellant, neither does it demonstrate a lack of prejudice, as the State would have us believe.

Because Appellant has shown some prejudice resulting from the State's failure to afford him a speedy trial, this final *Barker* factor also weighs in Appellant's favor.

**E. The Balancing Test**

We have determined that all four *Barker* factors favor Appellant, we therefore need not consider to what degree they favor Appellant. We likewise need not consider whether factors hypothetically favoring the State outweigh any factors favoring Appellant.[4]

---

[4] While some delay could arguably be attributed to Covid (April 2020 to November 2020) but it would not explain the pre-Covid delay.

## IV. Conclusion

Appellant was denied his right to a speedy trial, as guaranteed to him under the Constitution. U.S. CONST. amends. VI, XIV. We therefore hold the trial court erred in denying Appellant's motion to dismiss for lack of a speedy trial and we reverse the Judgment of Conviction and render judgment dismissing the prosecution with prejudice.

REVERSED AND RENDERED.

_____
CHARLES KREGER
Justice

Submitted on June 2, 2022
Opinion Delivered June 22, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.