

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00276-CR

Emily Katherine **PROULX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. CC711738
Honorable Melissa Vara, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 25, 2026

AFFIRMED

Emily Katherine Proulx pled guilty to theft and was sentenced by the trial court to six months of deferred adjudication community supervision. In one issue, she contends the trial court erred in denying her motion to dismiss for denial of a speedy trial. We affirm.

## I. BACKGROUND

Proulx was arrested on June 28, 2023, and posted bond the next day. She was charged on July 20, 2023, with the misdemeanor offense of theft.

On March 25, 2024, the State filed a motion for recusal and appointment of an attorney pro tem. In the motion, the State asserted that Proulx's role as a complaining witness in another case being prosecuted by the State, while simultaneously being prosecuted herself, created a potential conflict of interest and impropriety. The motion was never presented to the trial court. The State eventually withdrew the motion.

Because Proulx's case still had not gone to trial in October 2024 — fifteen months after she was arrested — Proulx moved for dismissal based on denial of a speedy trial. The trial court set a hearing on the motion for November 15, 2024, but the hearing did not occur; Proulx accepted the State's offer of pretrial diversion, which was contingent on her withdrawing the motion to dismiss. However, Proulx's application for pretrial diversion was denied due to her juvenile history. Neither the State nor Proulx's attorney knew of her juvenile history at the time she accepted the State's offer for pretrial diversion. The case was put back on the docket.

On March 18, 2025, the trial court held a hearing on the motion to dismiss. At the hearing, the State explained that from the date of Proulx's arrest to the hearing, the case had been reset nine times. The State did not provide specific explanations for the resets, but averred they were "agreed resets" because Proulx did not object or otherwise take action to move the case forward. The State explained that the first month of the delay, from the date of Proulx's arrest to July 31, 2023, was due to administrative issues in transferring the case to County Court 15. The State did not take action until March 25, 2024, when it filed its motion for recusal and appointment of an attorney pro tem. The State stated the delay was caused due to the process of seeking an attorney pro tem, yet the State did not present its motion to the trial court.

Following the hearing, the trial court denied the motion to dismiss in part, denying dismissal and setting trial for April 14, 2025. Rather than proceeding to trial, Proulx pled guilty and appealed the denial of her motion to dismiss.

## II. STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution guarantees a defendant a right to a speedy trial. U.S. CONST. amend. VI; *see State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021). The right to a speedy trial attaches once a person becomes an "accused" — that is, once the person has been arrested or charged. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). Courts analyze speedy trial claims "on an ad hoc basis" considering relevant circumstances and the four factors announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant because of the length of delay. "If the defendant can make a threshold showing that the *interval* between accusation and trial is 'presumptively prejudicial,' then a court must consider each of the remaining *Barker* factors and weigh them." *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016) (emphasis added). The State has the burden of justifying the length of delay, and the defendant has the burden of proving the assertion of the right and showing prejudice. *Cantu*, 253 S.W.3d at 280. "The defendant's burden of proof on the latter two factors varies inversely with the State's degree of culpability for the delay." *Id*. (citation omitted).

We review a trial court's ruling on a defendant's speedy trial claim under a bifurcated standard. *Id*. at 282. We review the factual components of the analysis for abuse of discretion, deferring to the trial court's resolution of disputed facts and the reasonable inferences drawn from

those facts. *Id.*; *Balderas*, 517 S.W.3d at 767–68. We review the legal components of the analysis de novo. *Cantu*, 253 S.W.3d at 282. The balancing test as a whole is a purely legal question. *Id.*

### III. ANALYSIS

#### A. Preservation

To preserve an issue for appeal, the record must show that a complaint was timely made to the trial court, stating grounds sufficient to provide notice to the trial court, and that the trial court ruled on the motion either expressly or implicitly. *See* Tex. R. App. P. 33.1(a); *Crocker v. State*, 441 S.W.3d 306, 311–12 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding speedy trial claim not preserved). Assuming, without deciding, that Proulx preserved error, we proceed to analyze the *Barker* factors. *Cantu*, 253 S.W.3d at 280.

#### B. First Factor: Length of Delay

The length of the delay is measured from the time the defendant is arrested or formally accused. *United States v. Marion*, 404 U.S. 307, 313 (1971). A delay approaching one year from formal accusation or arrest until trial has been found to be excessive, triggering the *Barker* inquiry. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) ("In general, courts deem delay approaching one year to be 'unreasonable enough to trigger the *Barker* inquiry.'") (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)). The twenty-one-month delay between Proulx's arrest and speedy trial hearing is sufficient to trigger the *Barker* analysis and weighs heavily against the State. *See id.; see also Starks v. State*, 266 S.W. 3d 605, 610–11 (Tex. App—El Paso 2008) (finding that a twenty-five-month delay weighed heavily against the State).

### C. Second Factor: Reason for Delay

The State bears the burden to justify the delay. *See Cantu*, 253 S.W.3d at 280. Here, the State concedes that this factor weighs against it, but only slightly. Proulx argues this factor "should weigh heavily against the State."

"[W]e assign different weights to different reasons" for delay. *Balderas*, 517 S.W.3d at 768. "Some reasons are valid and serve to justify an appropriate delay." *Id*. For example, "delay caused by good faith plea negotiations is a valid reason for the delay and should not be weighed against the prosecution." *State v. Munoz*, 991 S.W.2d 818, 824 (Tex. Crim. App. 1999). On the other hand, deliberate delay intended to "hamper the defense" weighs heavily against the State, while a "more neutral reason such as negligence or overcrowded courts should be weighed [against the government]less heavily" (alteration in original). *Id*. at 822 (citation omitted). "Additionally, we consider 'whether the government or the criminal defendant is more to blame for the delay.'" *Balderas*, 517 S.W.3d at 768 (citation and brackets omitted). "Delay caused by either the defendant or [their] counsel weighs against the defendant." *Id.*

In its brief, the State relies on *Shaw v. State* for the proposition that it is entitled to a reasonable period of time to prepare its case. 117 S.W.3d 883, 889–90 (Tex. Crim. App. 2003). However, the three-month delay that the State was afforded in *Shaw* is significantly shorter than the over a year-long delay here. *See id.*

When determining the weight to be given to this factor, we observe that it can be "subdivided into justifiable and unjustifiable reasons" depending on the circumstances of the case. *Gonzales v. State*, 435 S.W.3d 801, 810 (Tex. Crim. App. 2014). At the speedy trial hearing, the State justified the one-month delay from June 28, 2023, to July 28, 2023, as court reassignment

and docketing due to transferring the case. But a "crowded court docket is not a valid reason for delay and must be counted against the State, although not heavily." *Shaw* 117 S.W.3d at 890.

While there is no evidence that the State made any deliberate attempt to delay trial to hamper the defense, it failed to offer any explanation as to why the case was reset nine times. The State also failed to offer any explanation as to why it failed to act from July 2023 to March 23, 2024, other than seeking an attorney pro tem. However, the State did not present its pro tem motion to the court, and the trial court noted "everything [was] blank on the order as well as the statement of appointed officer." At the hearing, Proulx's counsel explained that this period of delay was first caused by the State's desire for the instant matter to be pending when Proulx served as a complaining witness. The rationale was that "if there was some really good deal or she got [pretrial diversion] or whatever, the defense wouldn't shove that down [Proulx's] throat at [] trial." Proulx's counsel stated that she "understood" the rationale and was willing to work with the State. Proulx's counsel further explained that resets were due to the trial court.

"In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Balderas*, 517 S.W.3d at 768. "A more neutral reason [for delay] such as negligence or overcrowded courts should be weighted less heavily [than deliberate delay] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Gonzales*, 435 S.W.3d at 809. "Crowded dockets, the lack of judges or lawyers, and other factors no doubt make some delays inevitable." *Dickey v. Florida*, 398 U.S. 30, 38 (1970).

Thus, the second *Barker* factor weighs slightly against the State.

### D. Third Factor: Assertion of Right

Although it is the State's duty to bring a defendant to trial, the defendant still has a responsibility to assert their right to a speedy trial. *Zamorano v. State*, 84 S.W.3d 643, 651 (Tex. Crim. App. 2002). This factor is "closely related" to the other factors "because the strength of [a defendant's] efforts will be shaped by them[,]" that is, "[t]he more serious the deprivation, the more likely a defendant is to complain." *Cantu*, 253 S.W.3d at 282–83 (quoting *Barker*, 407 U.S. at 531). Thus, a defendant's assertion of their right to a speedy trial — or their failure to assert the right — is "entitled to strong evidentiary weight in determining whether the defendant has been deprived of that right." *Balderas*, 517 S.W.3d at 771.

Here, Proulx waited fifteen months to assert her right to a speedy trial. Her lack of a timely demand for a speedy trial "indicates strongly that [s]he did not really want one." *See Balderas*, 517 S.W.3d at 771. "[I]naction weighs more heavily against a [speedy trial] violation the longer the delay becomes." *Id*. (quoting *Dragoo*, 96 S.W.3d at 314). Moreover, Proulx's motion for speedy trial was not for a trial, but a request to dismiss the case. "If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, [s]he should provide cogent reasons for this failure." *Cantu*, 253 S.W.3d at 283. Proulx offered no such reasons here. In addition, even though the trial court set a trial date, Proulx forewent trial and instead plead guilty, indicating that she did not want a trial. *See id.; Balderas*, 517 S.W.3d at 771.

Thus, the third *Barker* factor weighs heavily against Proulx. *See Cantu*, 253 S.W.3d at 283 (quoting *Barker*, 407 U.S. at 531–32) ("Under *Barker*, appellant's failure to diligently and vigorously seek a rapid resolution is entitled 'strong evidentiary weight.'").

### E. Fourth Factor: Prejudice

"Because 'pretrial delay is often both inevitable and wholly justifiable,' the fourth *Barker* factor examines whether and to what extent the delay has prejudiced the defendant." *Cantu*, 253 S.W.3d at 285 (quoting *Doggett*, 505 U.S. at 656. A defendant has the burden of showing prejudice. *Id*. at 280. We assess prejudice in light of the interests which the speedy trial right is designed to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. Affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett*, 505 U.S. at 655. However, the "presumption of prejudice" is "extenuated . . . by [the defendant's] acquiescence" in the delay. *Id*. at 648; *see also Dragoo*, 96 S.W.3d at 315.

With respect to the first and second interests, Proulx correctly argued that a person who is out on bond can still be disadvantaged by restraints on their liberty, such as restriction of freedom and pecuniary loss resulting from the delay of trial, and that a delay can lead to anxiety and general concern. *See Barker*, 407 U.S. at 532 ("[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility."). But Proulx failed to explain or offer any evidence to the trial court on how the delay caused her any harm. "Conclusory assertions are not sufficient to carry a defendant's burden to show that [s]he was prejudiced by delay." *Ussery v. State*, 596 S.W. 3d 277, 290 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (citing *Munoz*, 991 S.W.2d at 829).

The third interest is not strongly implicated because Proulx has not claimed that her defense was specifically impaired by the delay.

Considering that the accused's defense will be impaired is the most important subfactor, we do not find Proulx suffered prejudice as a result of the delay. Proulx's defense was not impaired and she did not explain how her pretrial "incarceration" was oppressive. These two factors outweigh any anxiety or concern she may have suffered because of the delay. *See Shaw*, 117 S.W. 3d at 890 (holding that the fourth *Barker* factor weighed against a violation of the defendant's right to speedy trial because the defendant was out on bond at all relevant times, and because the defendant offered no evidence on how the delay caused him unusual anxiety or concern); *see also Barker*, 407 U.S. at 534 (prejudice was "minimal" where defendant lived "for over four years under a cloud of suspicion and anxiety" and spent "[ten] months in jail before trial," and the record indicated "only two very minor lapses of memory" which "were in no way significant to the outcome.").

Therefore, the fourth *Barker* factor weighs heavily against Proulx.

**F: Balancing the Factors**

The *Barker* balancing test must be conducted according to the unique facts of each case. *Johnson v. State*, 954 S.W.2d 770, 773 (Tex. Crim. App. 1997); *see Barker*, 407 U.S. at 533 ("[T]hese factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."). We "must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Cantu*, 253 S.W.3d at 281.

We conclude Proulx's right to a speedy trial has not been infringed. Although the length of delay was presumptively prejudicial and weighs heavily against the State under the first factor,

the fourth factor — prejudice — weighs heavily against finding a speedy-trial violation. As to the third factor — assertion of the right — Proulx's failure to assert her right to a speedy trial until fifteen months after arrest, and her failure to have a speedy trial when given the opportunity weighs heavily against her. Finally, as to the second factor — reason for delay — some delay cannot be held against the State because the parties were in agreement with allowing the case in which Proulx was to testify to proceed first; for other periods with neutral or absent reasons, counts only moderately against the State.

## IV. Conclusion

We overrule Proulx's sole issue and affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH