

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00235-CR

**JAMES GAMBRELL, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court
Walker County, Texas
Trial Court No. 30238**

## MEMORANDUM  OPINION

James Gambrell, Jr. appeals his conviction for aggravated assault with a deadly weapon.  After Gambrell entered a guilty plea, the trial court assessed punishment at eight years of confinement in the Texas Department of Criminal Justice—Institutional Division.  In his sole issue, Gambrell asserts the trial court erred in denying his motion to dismiss based on a violation of his right to a speedy trial.  We affirm.

## Background

Gambrell was arrested on September 14, 2021 and indicted for aggravated assault with a deadly weapon on November 22, 2021. He filed pro se motions for speedy trial in August and November 2022 and in March 2023, while represented by counsel. Counsel filed a motion to dismiss for lack of speedy trial on April 26, 2023 and an amended motion on May 3, 2023. The trial court held a hearing on counsel's motions on May 25, 2023 and denied the motions on the same day. On July 5, 2023, Gambrell pleaded guilty and the trial court rendered judgment on one count of aggravated assault with a deadly weapon. This appeal ensued.

## Speedy Trial

In his sole issue, Gambrell contends the trial court erred in denying his motion to dismiss based on a violation of his constitutional right to a speedy trial. He asserts that the delay from his September 2021 arrest to the date the trial court heard his motion to dismiss in May 2023 is presumptively unreasonable, the delay was attributable to the State, he diligently asserted his right to a speedy trial, and he was prejudiced by the delay.

APPLICABLE LAW

An accused is guaranteed the right to a speedy trial under the Sixth Amendment of the United States Constitution, Article 1, Section 10 of the Texas Constitution, and article 1.05 of the Texas Code of Criminal Procedure. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05. In determining whether the accused has

been denied the right to a speedy trial, the court must weigh and balance four factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). This balancing test requires weighing case-by-case the conduct of both the prosecution and the accused. *Barker*, 407 U.S. at 530.

In reviewing a trial court's decision on a speedy trial claim, the appellate court gives almost total deference to the trial court's findings of fact that the record supports, and we draw reasonable inferences from those facts necessary to support the trial court's findings. *Balderas v. State*, 517 S.W.3d 756, 767-68 (Tex. Crim. App. 2016). But the balancing test as a whole is a purely legal question that we review de novo. *Id*. at 768.

<u>Length of Delay</u>

The length of delay is measured from the time the defendant is arrested or formally accused until the time of trial or a defendant's demand for a speedy trial. *Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014). In general, courts deem delay approaching one year to be "unreasonable enough to trigger the *Barker*" inquiry. *Balderas*, 517 S.W.3d at 768. The extent to which the delay exceeded the minimum needed to trigger judicial examination factors into our assessment of the first *Barker* factor. *Id*. In this case, Gambrell was arrested September 14, 2021. Although represented by counsel, Gambrell first asserted his right to a speedy trial in a pro se motion filed on August 31, 2022. He filed subsequent pro se speedy trial motions, and his counsel filed a motion to dismiss

for lack of a speedy trial on April 26, 2023. Because this delay stretched beyond the minimum needed to trigger the inquiry, the first *Barker* factor weighs against the State. *See id.*

Reason for the Delay

In assessing the reason for the delay, different weights should be assigned to different reasons for the delay. *Id*. Some reasons are valid and serve to justify an appropriate delay. *Id*. Deliberate delay intended to hamper the defense weighs heavily against the State, while more neutral reasons, such as negligence or overcrowded courts, weigh less heavily. *Id*. Additionally, we consider whether the government or the criminal defendant is more to blame for the delay. *Id*. In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay. *Dragoo*, 96 S.W.3d at 314.

We should not hold the first few months after the arrest against the State because the State is allowed a reasonable period to prepare its case. *See Shaw v. State*, 117 S.W.3d 883, 889-90 (Tex. Crim. App. 2003); *Wade v. State*, No. 02-21-000125-CR, 2023 Tex. App. LEXIS 1716, at *13 (Tex. App.—Fort Worth March 16, 2023, pet. ref'd) (mem. op., not designated for publication) (not holding first three months against State); *State v. Echols*, No. 11-19-00209-CR, 2021 Tex. App. LEXIS 4219, at **10-11 (Tex. App.—Eastland May 28, 2021, pet. ref'd) (mem. op., not designated for publication) (seven months attributable to State's preparation not held against the State).

At the hearing on Gambrell's motion to dismiss for lack of speedy trial, the trial court denied Gambrell's motion and noted the following:

Mr. Gambrell, your case will be one of the cases on the docket for trial next month. I don't know if it will be reached or not. Unfortunately[,] we can only try one a month. I have got to share this courtroom with Judge Ridley, and we each have two other counties to go to. But I'm aware that you have been in jail for 285 days. So we will get to you as soon as we can. All right.

Nothing in the record indicates the State deliberately contributed to the delay.

Additionally, Marshaye Carrington, who was a victim and witness, was "unavailable" for an extended period of time. *See Barker*, 407 U.S. at 531. Gambrell testified that, although he can reach Carrington by phone, he did not know where she is, and the record also shows subpoenas for Carrington returned unserved. Furthermore, some of the delay is attributable to the large number of pro se filings by Gambrell, who was represented by counsel. Also, for a time, Gambrell was a fugitive after his bond was revoked due to new charges. Delay attributable to the defendant may constitute a waiver of a speedy trial claim. *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999). We conclude that this factor weighs against Gambrell.

<u>Assertion of the Right</u>

Beginning in August 2022, Gambrell filed pro se motions asserting his constitutional right to a speedy trial. However, Gambrell was represented by counsel at the time. A defendant is not entitled to hybrid representation and the trial court was not required to rule on the motions filed by Gambrell. *See Robinson v. State*, 240 S.W.3d 919,

922 (Tex. Crim. App. 2007); *Floyd v. State*, 959 S.W.2d 706, 710 (Tex. App.--Fort Worth 1998, no pet.); *see also Wade*, 2023 Tex. App. LEXIS 1716, at *19 & n.15. Gambrell's pro se motions cannot be considered as an assertion of his speedy trial right. *See Torres v. State*, No. 04-16-00622-CR, 2017 Tex. App. LEXIS 11053, at *13 (Tex. App.—San Antonio, November 29, 2017, no pet.) (mem. op., not designated for publication). Counsel filed a motion to dismiss based on the right to a speedy trial in April 2023, almost a year and a half after indictment. The lack of a timely demand for a speedy trial strongly indicates that a defendant did not really want a speedy trial and that he was not prejudiced by the lack of one. *See Dragoo*, 96 S.W.3d at 314. Based on our review of the record, we cannot say this factor weighs in favor of Gambrell.

Prejudice

In determining prejudice, we consider the delay's effect on three categories of interests: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Id*. at 315. A defendant has the burden to make some showing of prejudice, but a showing of actual prejudice is not required. *Balderas*, 517 S.W.3d at 772. If the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the prejudice did not exceed that which occurs from the ordinary and inevitable delay. *Munoz*, 991 S.W.2d at 826. The possibility of prejudice is not sufficient to support a defendant's

position that his speedy trial rights were violated.  *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986).

Gambrell's complaint regarding prejudice is that he can no longer locate his prospective witness, Carrington.  Carrington is named in the indictment as the person he threatened with a firearm.  She is also the mother of three of Gambrell's children.  The record also shows that Child Protective Services has gotten involved.  Gambrell repeatedly stated that Carrington's absence was due to the delay.  However, he also testified that he can contact her, "but to produce her to trial to come to court, I cannot force anybody to come to court."  He further explained that she does not "want to have anything to do with these cases."  When pressed to explain why the delay makes her unavailable, he said he could not answer that question.  A reasonable inference is that Carrington is in hiding because she is afraid of the possibility that Child Protective Services will take her children, rather than because of the delay in resolving Gambrell's case.  *See Balderas*, 517 S.W.3d at 767-68.

Gambrell was indicted in this cause on November 22, 2021.  He was released on bail in this matter on March 9, 2022.  However, on July 20, 2022, the State filed a motion to revoke Gambrell's bail because he was arrested and charged with a state-jail felony offense of abandoning/endangering a child with intent to return and a class B misdemeanor offense of possession of marihuana in an amount less than two ounces

while out on bail. The trial court signed an order revoking Gambrell's bail and increased the bail amount in this matter.

The time from Gambrell's arrest for this cause until he ultimately pleaded guilty was approximately twenty- and one-half months, although, he was not incarcerated for that entire period. Nevertheless, Gambrell received credit on his sentence for 533 days for his pretrial incarceration. *See Starks v. State*, 266 S.W.3d 605, 612-13 (Tex. App.—El Paso 2008, no pet.) (holding that appellant's twenty-five month pretrial incarceration was not oppressive when appellant received credit on his sentence for time served and appellant ultimately pleaded guilty to the charges); *United States v. Casas*, 425 F.3d 23, 34-35 (1st Cir. 2005) (holding defendants' allegations of anxiety and concern during a forty-one month period of pretrial incarceration was insufficient to show a violation of the speedy-trial right when time served was credited against sentences they received upon conviction); *see also Brunson v. State*, No. 10-08-00312-CR, 2009 Tex. App. LEXIS 8922, at **9-11 (Tex. App.—Waco Nov. 18, 2009, no pet.) (mem. op., not designated for publication) (holding that a sixteen-month period of pretrial incarceration was not oppressive because appellant received credit on his sentence for time served after pleading guilty to the charged offense). Gambrell has not demonstrated sufficient personal or defense prejudice. This factor weighs against Gambrell.

<u>Balancing</u>

In balancing the four factors, we find that although the delay was lengthy and Gambrell had been in jail for an extended period of time, some reasons for the delay are neutral and Gambrell contributed to the delay. There was no evidence of bad faith on the part of the State or that the State engaged in purposeful dilatory tactics. Further, the prejudice to Gambrell was slight. Balancing these factors, we conclude that Gambrell was not denied his right to a speedy trial. *See Balderas*, 517 S.W.3d at 773; *Webb v. State*, 36 S.W.3d 164, 175-76 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g, en banc). We overrule Gambrell's sole issue.

## Conclusion

Because the trial court's ruling on Gambrell's motion to dismiss for lack of a speedy trial was not erroneous, we affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed July 18, 2024
Do not publish
[CR25]

