

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00403-CR

———————————————————

CARLUS QUALLS, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1732115

_____

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In a single issue on appeal, Carlus Qualls challenges the voluntariness of his pleading guilty to a charge of first-degree murder. Because Qualls did not raise this complaint in the trial court as is required to preserve it for appeal, we will affirm.

### I. Background[1]

Qualls was indicted for the April 2021 murder of Oscar Payton. The indictment contained two additional counts, the first of which (involving removing a corpse from the crime scene) was waived at pretrial and the second of which (felon in possession of a firearm) the State later waived at the time of Qualls's guilty plea. Thus, after Qualls (1) changed his plea to guilty following jury selection, (2) responded to the trial court's admonishments by affirming his decision, and (3) was rearraigned, he pleaded guilty to murder and true to a habitual-offender notice.

The jury found him guilty as instructed and assessed his punishment at life in prison. The trial court sentenced him to life with the possibility of parole and certified Qualls's right to appeal.[2] Qualls timely appealed and asserts that the "trial court erred

---

[1]The underlying facts are not at issue, so we need not lay them out in detail.

[2]The trial court's appeal-certification form indicates that this "is not a plea-bargain case" and that Qualls "has the right of appeal." But because the record reflects that the State appears to have waived the felon-in-possession count in exchange for Qualls's agreement to plead guilty (without a punishment recommendation), the State and Qualls entered into a charge bargain that falls within the scope of Rule 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). Nevertheless, because the trial court told Qualls,

2

in accepting the defendant's plea of guilty to the charge of murder because it was not shown to be voluntary."

## II. Involuntary Guilty Plea: Complaint Not Preserved

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Most complaints, "whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *see Henderson v. United States*, 568 U.S. 266, 271, 133 S. Ct. 1121, 1126 (2013); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). But Rule 33.1 "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *see Peyronel v. State*, 465 S.W.3d 650, 652 (Tex. Crim. App. 2015); *Grado v. State*, 445 S.W.3d 736, 738–39 (Tex. Crim. App. 2014); *Reyes v. State*,

---

"You have a right to appeal the trial"—a right "guaranteed you by the same blood of patriots that has been laid down for 250 years that gave everyone in this room a right to 12 citizens to do justice and to have a trial"—and instructed him on how to perfect an appeal, we conclude that the trial court impliedly meant to check the appeal-certification option stating that it "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." Although accurate appeal certifications are critical to our jurisdiction, and we encourage careful attention to them, under these facts we see little point in abating this appeal for the trial court to amend the certification.

361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd) ("In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive.").

The voluntariness of a guilty plea is not a systemic requirement, and thus any complaints related to voluntariness must be raised in the trial court to be preserved for our review. *Mendez*, 138 S.W.3d at 339 n.5; *Starks v. State*, 266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.) ("A question concerning the voluntariness of a guilty plea is not a fundamental requirement."); *see Escobedo v. State*, No. 03-18-00688-CR, 2019 WL 4020269, at *3 (Tex. App.—Austin Aug. 27, 2019, no pet.) (mem. op., not designated for publication); *Stermer v. State*, No. 02-07-00425-CR, 2009 WL 1035237, at *4 (Tex. App.—Fort Worth Apr. 16, 2009, no pet.) (mem. op., not designated for publication); *Flagg v. State*, Nos. 05-08-00019-CR–05-00024-CR, 2009 WL 242527, at *3 (Tex. App.—Dallas Feb. 3, 2009, pets. dism'd) (mem. op., not designated for publication) (applying Rule 33.1 and holding that appellant—who argued that guilty pleas were not voluntary because he was mentally impaired and learning disabled and did not know that sentences could be stacked—failed to preserve complaint for appeal by not complaining to trial court "either before or after his sentencing, including in his motion for new trial").

4

Here, Qualls never asked to withdraw his guilty plea,[3] moved for a new trial, or took any other action designed to inform the trial court that his plea was anything other than voluntary or that it was contrary to his sworn assurances that he understood the charges against him, that he was pleading guilty because he *was* guilty, and that no one had tried to trick or threaten him or force him to plead guilty.[4] As a result, he has not preserved this complaint for our review.

In any event, the record reflects that Qualls's guilty plea was voluntary. When a trial court properly admonishes a defendant under Article 26.13 of the criminal-procedure code, a prima facie showing is made that the defendant entered a knowing and voluntary plea. Tex. Code Crim. Proc. Ann. art. 26.13; *see Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the defendant

---

[3]"A defendant may withdraw his plea as a matter of right, without assigning a reason, until the trial court pronounces judgment or takes the case under advisement." *Johnson v. State*, Nos. 02-23-00090-CR–02-23-00093-CR, 2024 WL 1318238, at *2 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication) (first citing *Smith v. State*, 609 S.W.3d 351, 352 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); and then citing *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)).

[4]At a pretrial hearing several days before Qualls pleaded guilty, he was behaving erratically and claimed that his counsel was pressuring him to plead guilty, leading the trial court to enter a not-guilty plea on Qualls's behalf. After Qualls was examined in the interim and found competent to stand trial, in entering his guilty plea he denied receiving any threats or coercion from anyone. The trial judge who accepted the plea and presided over the punishment phase followed up by stating, "I was told that you had said your lawyers are making you do it or telling you you have to last week. I want to make sure this is your choice. Is this your choice or their choice?" Qualls responded, "I'm guilty, sir. I'm guilty. I did it, sir. I did it. I'm guilty, sir. I'm guilty."

to show that he entered the plea without knowing its consequences and was thereby harmed. *Id.* The burden to prove that a plea was involuntary is "especially high when the defendant states that he understands the nature of the proceedings, that the allegations are true, and that there is no outside pressure forcing him to enter into such a plea." *Starks*, 266 S.W.3d at 614. Qualls has provided no evidence or argument that he did not understand the consequences of his plea, nor has he challenged the adequacy of the trial court's admonishments.[5]

We overrule Qualls's sole issue.

### III. Conclusion

Having overruled the only appellate issue that Qualls has raised, we affirm the trial court's judgment.

---

[5]In his reply brief, Qualls cites *Davison v. State* to argue that he did not need to preserve error because the trial court failed in its fundamental duty to ensure that his guilty plea was entered voluntarily. 405 S.W.3d 682, 689–91 (Tex. Crim. App. 2013) (discussing *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969)). We disagree. The record affirmatively reveals that the trial court elicited the requisite responses establishing the voluntary nature of Qualls's guilty plea, so this is not a case involving alleged *Boykin* error.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2025